ENTERPRISES, INC. *v.* GEORGE W. BECKER ET AL.

SUPERIOR COURT · JUDICIAL DISTRICT OF NEW LONDON · FILE NO. 57507

Memorandum filed April 9, 1980

*Maruzo & Lucas,* for the plaintiff.

*Harold M. Lubin,* for the named defendant.

*John C. Wirzbicki,* for the defendant Marsha Hamilton.

SANTANIELLO, J.   On or about April 1, 1979, the plaintiff and the defendants Becker and Hamilton entered into a contract whereby the plaintiff agreed to perform certain work for the defendants and the defendants agreed to pay for the work.   The plaintiff contracted to perform certain construction repair work on a residence located at the defendants' address.

On September 21, 1979, the plaintiff filed a complaint charging breach of contract by the defendants and alleging, in effect, that the defendants, in fact, did not own the premises at the time of the execution of the contract but were only renting the premises, and that the owner and the defendants have refused to permit the plaintiff to perform the contract.   The plaintiff further alleges that it has been ready, willing and able to perform all the obligations on its part called for by the contract.

On November 30, 1979, the defendants filed a motion to dismiss this action.   The defendants argue that the contract in question was subject to the provisions of the Home Solicitation Sales Act; General Statutes §§ 42-134—42-143; and that the contract failed to comply with the requirements of § 42-136 (b) of the General Statutes.   The defendants claim that the failure to comply with the statute deprives the court of subject matter jurisdiction, and that the action should be dismissed.

The motion claims that the contract involved falls under the Home Solicitation Sales Act, and yet fails to include a mandatory provision on its face. A careful reading of the statute leads one to the

conclusion that this contract does fall within it. Contrary to the claims of the defendants, however, the contract did not need to comply with § 42-136 (b) of the General Statutes, entitled "Note or evidence of indebtedness given by buyer," which reads as follows: "Any note or other evidence of indebtedness given by a buyer in respect of a home solicitation sale shall bear on its face a conspicuous statement as follows: THIS INSTRUMENT IS BASED UPON A HOME SOLICITATION SALE, WHICH SALE IS SUBJECT TO THE PROVISIONS OF THE HOME SOLICITATION SALES ACT. THIS INSTRUMENT IS NOT NEGOTIABLE."

The intent of this provision of the Home Solicitations Sales Act was to restrict negotiable notes in consumer transactions. The problem facing the legislature was that third parties, usually financing institutions, obtained these consumer notes as holders in due course and thus cut off all of the personal defenses of the consumer when they sued to collect money due under the notes.

The conditional sale contract in this case is not a note or other evidence of indebtedness. Cases which discuss this point are compiled in "Commercial Paper," 44 A.L.R.2d 8, 92. The term "evidence of indebtedness" refers to a check, order, draft, bond, security or certificate of investment. Although not limited to a promissory note or other simple acknowledgment of a debt owing, an evidence of indebtedness must include a contractual obligation to pay in the future for consideration presently received. See *United States* v. *Austin,* 462 F.2d 724 (10th Cir.).

In this case, the conditional sale contract signed by the buyer does not include a contractual obligation to pay in the future for a consideration presently received. The contract merely contains a bind-

ing bilateral promise for the buyer to pay when consideration has been received. The buyer is not obligated to pay anything under this contract until each installment has been completed by the seller. This contract is also not a note or negotiable instrument as defined by the Uniform Commercial Code; § 42a-3-104 (1) of the General Statutes; which reads as follows: "Any writing to be a negotiable instrument within this article must (a) be signed by the maker or drawer; and (b) contain an unconditional promise or order to pay a sum certain . . . ; and (c) be payable on demand or at a definite time; and (d) be payable to order or to bearer."

Only the first condition is met by this contract. A contract is a nonnegotiable instrument; it is assignable, rather than negotiable. Under ordinary principles of common law, the assignee of a non-negotiable instrument such as that involved here takes subject to all defenses. See Murray, Contracts § 307, p. 626. Because this contract is assignable and not negotiable on its face, the notice required by General Statutes § 42-136 (b) that must appear on notes or other evidence of indebtedness would be superfluous on the sales agreement and not within the intent the legislature had when it drafted the statute. The wording of the statute, as it constantly differentiates between a sales agreement and any accompanying note or other evidence of indebtedness, supports this conclusion. Whether or not the assignee of a home solicitation sales contract must always take subject to the personal defenses of the buyer is not addressed by § 42-136 (b) of the General Statutes.

There is little Connecticut case law on construction of the Home Solicitation Sales Act. In *Associated Credit Co.* v. *Nogic,* 6 Conn. Cir. Ct. 745, the court was concerned with whether the provisions of

the act were mandatory. The court did not reach the question of defining the phrase "note or other evidence of indebtedness" used in § 42-136 (b) as it pertained to the sales contract involved in that case. The Supreme Court in *Keyes* v. *Brown*, 155 Conn. 469, also did not reach the particular question in this case. Neither court, however, mentions that the notice required by § 42-136 (b) must be found within the body of the sales contract as well as on the note or other evidence of indebtedness.

In conclusion, the statute does not require that the contract in a home solicitation sale state on its face that it is nonnegotiable and subject to the Home Solicitation Sales Act. Such an interpretation is consistent with the legislative intent to make all consumer notes arising from home sales nonnegotiable and to give notice to all third parties that those notes are subject to all personal defenses upon suit for collection. All the requirements for home sales contracts are found in § 42-135a of the General Statutes, while § 42-136 applies only to attached notes.

For the aforementioned reasons, the motion to dismiss is hereby denied.