KURT T. GODIKSEN *v.* JAY M. MILLER
(3547)

HULL, DALY and BIELUCH, Js.

Argued November 12, 1985—decision released January 21, 1986

*Philip L. Steele,* for the appellant (defendant).

*William J. Melley III,* for the appellee (plaintiff).

HULL, J. The defendant claims that the trial court erred (1) in finding him liable on a note he executed in conjunction with the purchase of a parcel of land, and (2) in finding that the plaintiff seller was not liable to him for breach of contract, tortious interference with business relations and vexatious suit. Because the defendant did not present a record adequate to show otherwise, we find no error.

The plaintiff sold a parcel of land to Rena Builders, Inc., a company in which the defendant was a principal. In return, Rena gave the plaintiff a mortgage on the land and both Rena and the defendant executed a $20,000 note to the plaintiff. Under the note, the makers were jointly and severally liable to pay the plaintiff monthly until the principal and interest were paid. The plaintiff received only two such payments.

At approximately the same time that Rena gave the plaintiff a mortgage, Rena also gave the Windsor Bank and Trust Company a mortgage on the land to secure a construction loan. The plaintiff knew about the additional mortgage because the original sale was contingent on Rena's obtaining it. The plaintiff did not know that his attorney had agreed that his mortgage would be junior to the bank's mortgage. When Rena defaulted on the bank loan, the bank brought a foreclosure action.

In the foreclosure action, the bank alleged that the plaintiff's mortgage was a subsequent encumbrance. It was discovered, however, that the plaintiff's mortgage had been recorded in the town land records before the bank's mortgage. The plaintiff, accordingly, asserted the priority of his mortgage in the foreclosure action. The bank, while contending that the order of recording was erroneous, settled with the plaintiff.[1] The

---

[1] The plaintiff received a total of $5750, one half paid by the bank and one half paid by the bank's title insurer.

bank, thereafter, secured a judgment of strict fore-closure and the property was not redeemed.

After the foreclosure action was concluded, the plain-tiff brought suit against the defendant to recover on the $20,000 note. The defendant denied liability argu-ing that, by virtue of the subordination agreement, the plaintiff's assertion of priority on the basis of the land records constituted bad faith and, therefore, estopped him from collecting on the note. The defendant filed special defenses and virtually identical counterclaims against the plaintiff alleging tortious interference with business relations, vexatious suit and breach of express and implied contracts.[2] The defendant's final claim was that the amount the plaintiff recovered from the bank should serve as a "setoff" against any amount the plain-tiff recovered from him.[3] The court found for the plain-tiff on the note and against the defendant on his special defenses, counterclaims and setoff claim.

The defendant argues that the court erred in conclud-ing that the plaintiff should not be bound by his law-yer's agreement to subordinate and, because of this error, found for the plaintiff and against the defend-ant. This argument mischaracterizes the court's deci-sion and underlying findings. While it appears that such a finding may have been essential to the court's deci-sion, the court never made an unequivocal finding as to whether the plaintiff was bound by his attorney's agreement. Rather, the court stated that "[w]hether

---

[2] The defendant claimed that the plaintiff, by asserting priority, inter-fered with his ability to perform and thereby breached an implied contract not to prevent the defendant from performing.

[3] The record shows that the defendant's claim concerning the setoff was stricken prior to trial. This claim was, however, ruled on by the trial court and argued by the parties. "We review this case on the theory upon which it was tried and upon which the trial court decided it. See *Machiz* v. *Homer Harmon, Inc.*, 146 Conn. 523, 525, 152 A.2d 629 (1959); *Cole* v. *Steinlauf,* 144 Conn. 629, 632, 136 A.2d 744 (1957); Maltbie, Conn. App. Proc. § 42." *Fuessenich* v. *DiNardo*, 195 Conn. 144, 151, 487 A.2d 514 (1985).

the attorney's knowledge of real estate transactions and his impression regarding subordination would be imputed to his principal under the particular facts of this case *is questionable.*" (Emphasis added.)

Given the ambiguous nature of the court's statement, we cannot determine the merits of the defendant's claim of error. "Where the basis of the court's decision is unclear, proper utilization of the motion for articulation serves to dispel any ambiguity by clarifying the factual and legal basis upon which the court rendered its decision. *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983). The [defendant] could have requested such clarification by moving for articulation pursuant to Practice Book § 3082, but he did not. Under these circumstances, we have no basis on which to find error. *Urban* v. *Leggio,* 1 Conn. App. 226, 228, 470 A.2d 1226 (1984)." *In re Juvenile Appeal (85-1),* 3 Conn. App. 158, 161, 485 A.2d 1355 (1985).

The defendant also asserts error in the court's rejection of his "setoff" claim. This argument is without merit. Setoffs can be based either in law or in equity. *Savings Bank of New London* v. *Santaniello,* 130 Conn. 206, 210–11, 33 A.2d 126 (1943). The defendant, here, sought an equitable setoff.[4] In support of his claim, the defendant argued that the plaintiff would be unjustly enriched unless any award he won in his action on the note was diminished by the amount he had received in settlement of his claim against the bank. The court found that that settlement was not made by the defendant, that the defendant did not contribute to the settlement and that the settlement did not involve the

---

[4] A legal setoff, in an action brought to recover on a debt, is controlled by General Statutes § 52-139. That statute provides in part that "[i]n any action brought for the recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other." Here, there was no claim that the plaintiff was in debt to the defendant. There was, therefore, no "mutual debt" and no possibility of a legal setoff.

defendant's debt to the plaintiff. These findings are not clearly erroneous; *Cassidy* v. *Bonitatibus,* 5 Conn. App. 240, 242, 497 A.2d 1018 (1985); and, on the basis of these findings, the court could reasonably have concluded that the defendant was not entitled to a setoff.

There is no error.

In this opinion the other judges concurred.