[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a foreclosure action brought by plaintiff First Constitution Bank against defendants Olf and Lydia Veldhuis for their alleged failure to pay amounts due under a promissory note dated December 30, 1986 to First Federal Bank of Connecticut, FSB, now known as First Constitution Bank. In its complaint plaintiff alleges that to secure this note defendants mortgaged a certain parcel of land known as 17 Journey's End Road, New Canaan, Connecticut. Plaintiff also alleges that defendants have failed to pay the principal and interests due on March 1, 1988 and every month thereafter. In reply to plaintiff's complaint defendants filed an answer, "Affirmative defenses" and "setoff and counterclaim." In their special defense defendants allege that they have been unable to make payments on the 17 Journey's End Road, New Canaan property because they have been unable to collect rent from their property located at 256 Farmingville Road, Ridgefield, Connecticut. Defendants allege that plaintiff was negligent in loaning defendants money for the Ridgefield property. Plaintiffs should have known that the use of the Ridgefield property as a multifamily house was illegal and any loss suffered by the plaintiff was the result of plaintiff's own negligence and therefore plaintiff is barred from foreclosing. In their counterclaim defendants allege that although plaintiff's pre-approval loan analysis procedure did not directly affect the New Canaan property, "the damage to the Defendants was derivative of injury to Defendant on the Ridgefield property." Defendants also allege punitive damages CT Page 2553 in their prayer for relief.
Plaintiff moves to strike defendants' special defense, counterclaim and prayer for relief alleging punitive damages on the grounds that they are legally insufficient and fail to state a claim upon which relief can be granted.
LEGAL DISCUSSION
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985).
 Whenever party wishes to contest (1) the legal sufficiency of the allegations of any . . . counterclaim . . . to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such . . . counterclaim, or (5) the legal sufficiency of any answer . . . including any special defense contained therein, that party may do so by filing a motion to strike . . .
Conn. Practice Book 152 (rev'd to 1978, as updated to 1989). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense, . . . the motion to strike must fail." Mingachos, 196 Conn. 108-09.
Counterclaim
Plaintiff argues that the counterclaim does not give rise to a tort or breach of contract and that the defendants admit in their counterclaim that the Bank's pre-approval loan analysis procedure did not affect the New Canaan property.
 Practice Book 116 provides that a counterclaim must arise out of the transaction which is the subject of the plaintiff's complaint . . . . [The transaction test] is a rule designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy. "The `transaction test' is one of practicality . . ." (citation omitted).
Wallingford v. Glen Valley Associates, Inc., 190 158, 160-61 (1983). Plaintiff's action is seeking to foreclose a mortgage on defendant's property at 17 Journey's End Road, New Canaan. In their counterclaim, defendants allege that plaintiff's CT Page 2554 pre-approval loan analysis procedure did not affect the loan on the New Canaan property. Rather, they allege that "the damage to Defendants was derivative of injury to Defendants on the Ridgefield property." The issues raised by the counterclaim did not arise from the foreclosure action on the New Canaan property but instead pertain to the defendant's Ridgefield property. It is therefore also true that the counterclaim does not allege any factual or legal issues common to the issues raised in the complaint and the motion to strike the counterclaim should be granted.
Additionally, it is noted that defendants' pleading is titled "Setoff and Counterclaim." "The title of the pleading is not controlling. The issue is rather, whether sufficient facts are pleaded that would allow recovery as a setoff or as a counterclaim." Northwestern Electric, Inc. v. Rozbicki, 6 Conn. App. 417,426 (1986). "Setoff can be based either in law or inequity." Godiksen v. Miller, 6 Conn. App. 106, 109 (1986). A setoff is a debt independent of the transaction described in the complaint. Savings Bank of New London v. Santaniello, 130 Conn. 206,210 (1943).
 "The law of setoff is governed by General Statutes 52-139. The relevant portion of that statute provides: `(a) In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other." (Emphasis added.) A condition precedent to the application of 52-139 is that the defendant's claim arise from a debt due by the plaintiff. See Savings Bank of New London v. Santaniello, 130 Conn. 206, 211, 33 A.2d 126
(1943). It is the defendant's burden to demonstrate its right of setoff by affirmatively and adequately alleging such a claim in the pleadings. Practice Book 168; Peters Production, Inc. v. Dawson, 182 Conn. 526, 528, 438 A.2d 747 (1980)." Petti v. Balance Rock Associates, 12 Conn. App. 353, 362, 530 A.2d 1083 (1987).
Ellis v. Rogers, 15 Conn. App. 362, 365 (1988). The defendants have not alleged that plaintiff was in debt to defendants. Nor is there even a statement of facts in the two paragraph counterclaim upon which a claim of debt can be gleaned. Therefore, in the absence of any mutual debt, there is no possibility of a legal setoff. CT Page 2555
Furthermore, defendants have not alleged an equitable setoff. Equitable setoff "applies to cases where, because of `the nature of the claim or the situation of the parties, justice cannot be obtained' by a separate action." Peter Cascio Nursery, Inc. v. Green Acres, Inc., 3 Conn. Cir. Ct. 424, 428 (App.Div. 1965). The defendants have failed to allege facts that their "setoff" claim falls within the limits of recognized equitable principles. The nature of the claim and the situation of the parties are such that justice can be obtained by a separate action. For the reasons discussed above defendants' "Setoff and Counterclaim" are stricken.
Prayer For Relief
Plaintiff argues that defendants' prayer for relief alleging punitive damages pursuant to Conn. Gen. Stat.42-110g(a) is legally insufficient because banks are exempt from CUTPA violations.
Conn. Gen. Stat. 42-110g(a) provides that:
 Any person who suffers an ascertainable loss of money or property . . . as a result of the use of employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages . . . The court may, in its discretion, award punitive damages . . .
Section 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. 42-110b(a) (rev'd to 1991).
 In determining whether a practice violates CUTPA [the court utilizes] the following criteria: "`(1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]."
Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254
CT Page 2556 (1988). All three criteria need not be satisfied to support a finding of unfairness and a practice may be unfair because of the degree to which it meets all three. Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 242 (1987).
In this instant case, defendants allege in their "setoff and counterclaim" that, (1) the plaintiff had a pre-approval loan analysis procedure whereby the plaintiff delayed inspections, qualifications and appraisals, and did not use their own attorney nor require a legal opinion for the certificate of title. (2) This procedure allowed the defendants to close on the New Canaan property and "inspired, induced, encouraged and enabled Defendants to use the same Bank to refinance" defendants' Ridgefield property. (3) While this procedure did not affect the New Canaan property, "the damage to Defendants was derivative of injury to Defendants on the Ridgefield property." Once again, the defendant has not alleged facts to support a CUTPA claim in regard to the New Canaan property which is the subject of plaintiff's action. Indeed, the defendant has alleged that this procedure did not affect the New Canaan property. In order to withstand a motion to strike for legal sufficiency, defendant in the instant action must allege practices by the plaintiff that can be described as immoral, unethical, oppressive, unscrupulous, or offensive to public policy. The court finds that the facts alleged here by defendants are insufficient to raise such inferences. Because defendants have failed to allege an actionable CUTPA counterclaim pursuant to section 42-110b defendants are not entitled to seek punitive damages pursuant to section42-110g(a). Accordingly, this court also finds that, plaintiff's motion to strike defendants' punitive damages prayer for relief is granted.[1]
Special Defenses
Plaintiff argues that defendants' special defenses are legally insufficient in that the allegations of negligence as pleaded do not give rise to duty from plaintiff to defendant, the violation of which constitutes an actionable tort.
In their affirmative defenses defendants allege that they have been unable to make payments on the New Canaan mortgage for reasons regarding defendants' Ridgefield property which was also mortgaged by plaintiff. Defendants allege the following (1) Plaintiff provided the $320,000.00 mortgage that enabled defendants to close on the Ridgefield property, which is the subject of another foreclosure; (2) Plaintiff provided defendants with a non-owner-occupied type of mortgage for the Ridgefield investment property and defendants provided plaintiff with verification of rental income; (3) Plaintiff's attorney who CT Page 2557 was also the defendant's attorney allowed defendants to close on the Ridgefield property believing it was a valid nonconforming use. Defendants relied on this. The attorney knew or should have known that the premises were not a valid nonconforming use; (4) Plaintiff, based upon the opinion of its attorney, should have realized that the use was illegal and should not have closed on the mortgage; (5) Plaintiff, its agents and employees had knowledge superior to the defendants; (6) Defendants have been unable to make regular mortgage payments on both the Ridgefield and New Canaan property because they could not collect rents as anticipated; (7) Plaintiff's loss or damages "are the result of its own negligence and the negligence of its agents and employees and plaintiff should be barred by its own misdeeds from foreclosure;" (8) Because of the above negligence and misdeeds "the value of the Ridgefield property does not support the purchase and the mortgage and the defendants will not be able to rent the property. . . ."; (g) "Defendants have been subject to financial duress as a result of the expenses incurred in attempting to restore the Ridgefield property to rental status and have been obliged to defend and assert legal actions, leaving them without resources to continue to pay Plaintiff's note;" (10) Defendants have an action pending at the Danbury Superior Court against plaintiff for damages.
Conn. Practice Book 164 defines a special or affirmative defense as "`[f]acts which are consistent with [the allegations of the complaint] but show, notwithstanding, that [the plaintiff] has no cause of action . . . .'" Second Exeter Corporation v. Epstein, 5 Conn. App. 427, 429 (1985), cert. denied, 198 Conn. 802 (1986); Conn. Practice Book 164 (rev'd to 1978, updated to 1990). Again, it is clear that defendants' allegations in their affirmative defenses that they have been unable to make payments on the New Canaan mortgage due to plaintiff's negligent acts regarding defendants' Ridgefield property are not defenses to the New Canaan foreclosure action. Defendants' special defense is not responsive to the allegations of the complaint and contains irrelevant statements none of which contain a defense to the New Canaan foreclosure action. While it is possible that defendants' claim of the plaintiff's negligence may be the basis for an independent action or a defense to the Ridgefield foreclosure action it is unrelated to and cannot defeat plaintiff's New Canaan action. Accordingly, the court concludes that plaintiff's motion to strike defendants' affirmative defenses is granted.
Motion for Stay
Defendants move for a stay of the instant action on the grounds that plaintiff has filed a motion to strike in defendant's related pending case at the Danbury Superior Court CT Page 2558 docket number CV90-03005075S and that motion has not been decided. Defendants request that the instant court follow the Danbury court's decision and that defendants agree to abide by that decision.
"In the absence of a statutory mandate, the granting of an application or a motion for a stay of an action or proceeding is addressed to the discretion of the trial court. . . ." Voluntown v. Rytman, 21 Conn. App. 275, 287 (1990), cert. denied, 215 Conn. 818
(1990). The defendants have failed to plead any statutory mandate and no statutory mandate was found under Connecticut law that would require this court to grant defendants' motion for stay. The use of its discretion compels this court to conclude that the interests of judicial economy will not be properly served by granting the defendants' motion for stay. Therefore, it is hereby denied.
Motion for Consolidation
Defendants also moved to consolidate the instant case with two cases pending in Danbury. "Whenever there are two or more separate actions which should be tried together, the court may, upon the motion of any party or upon its own court may, upon the motion of any party or upon its own motion, order that the actions be consolidated for trial." Conn. Practice Book 84A (rev'd to 1978, as updated to 1990). Conn. Gen. Stat.51-345 (b) provides that "[i]n all actions involving the title to land, for trespass to land and to foreclose or redeem mortgages or liens upon real property, civil process shall be made returnable to the judicial district where the real property is located. . . ." This court hereby denies the defendants' motion to consolidate the two foreclosure actions on the ground that the actions involve separate properties which are located in different judicial districts. The instant action pertains to New Canaan property which is part of the Stamford-Norwalk Judicial District. Plaintiff's foreclosure action filed in Danbury pertains to Ridgefield property which is part of the Danbury Judicial District. It would not be in the interest of judicial economy to consolidate defendants' action filed in Danbury with the instant action.
Katz, Judge.