[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this personal injury case, Paulash Mohsen, ppa Farrukh Mohsen, has moved to strike a special defense in which the defendants, Jon C. Peters and Kenneth E. Peters, assert that the plaintiff received benefits from collateral sources.
In the challenged First Special Defense, the defendants assert as follows: CT Page 5203
 In connection with the aforementioned personal injury, certain amounts have been paid to this Plaintiff from collateral sources as defined by Connecticut General Statutes 52-225b as amended. In the event the trier of fact awards damages for personal injury to compensate the Plaintiff, the Defendants are entitled to a reduction in any such award in the amount paid to this Plaintiff from collateral sources, as aforesaid, in accordance with the provisions of Connecticut General Statutes Section 52-225a, as amended.
The plaintiff, in his motion to strike this special defense, claims that it is legally insufficient because the statute cited requires a post-verdict hearing as to a plaintiff's receipt of collateral benefits, not a consideration by the jury of such receipt of benefits as part of its calculation of money damages.
Pursuant to section 164 P.B., "[n]o facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged."
The defendants do not contend that their invocation of section 52-225a constitutes an attack on the plaintiff's cause of action, rather they claim that the operation of section 52-225a C.G.S. is properly raised as a special defense because section 168 P.B. provides that a defendant may raise in his answer a counterclaim or right of set-off, and the defendant urges the court to characterize the deduction of benefits the plaintiff received from sources other than the defendants as a "set-off" within the scope of section 168 P.B.
That provision of the Practice Book provides as follows:
 In any cases in which the defendant has either in law or in equity or in both a counterclaim, or right of setoff, against the plaintiff's demand, he may have the benefit of any such setoff or counterclaim by pleading the same as such in his answer, and demanding judgment accordingly; and the same shall be pleaded and replied to according to the rules governing complaints and answers.
Section 168 P.B. CT Page 5204
The issue then, is whether the defendants may plead the operation of section 52-225a as a setoff. That statute provides, in pertinent part, as follows:
 In any civil action . . . wherein the claimant seeks to recover damages resulting from personal injury . . . occurring on or after October 1, 1987 . . . and wherein liability . . . is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages . . . by an amount equal to the total of the amount determined to have been paid under subsection (b) of this section. . . .
Subsection (b) provides that
 Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral source which have been paid for the benefit of the claimant as of the date the court enters judgment.
The definition of "collateral sources" set forth in section 52-225b C.G.S. does not include payments characterizable as "set offs" or "counterclaims" recoverable from the plaintiff by the defendants. Rather, benefits from collateral sources are defined in section 52-225b as "any payments made to the claimant or on his behalf, by or pursuant to: (1) Any health or sickness insurance, automobile accident insurance that provides health benefits, and any other similar insurance benefits, except life insurance benefits available to the claimant . . . or (2) any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the costs of hospital, medical, dental or other health care services."
By statutory definition, then, the benefits which the defendants seek to plead as a set-off to their liability are benefits conferred not by the defendants but by others. The defendants have identified no precedent to support their claimed definition of a set-off as, in effect, any diminishment of the amount of recoverable damages. In fact, the term, as used in section 168 P.B., has a specific and legally recognized meaning. A legal set-off is a mutual debt between the parties that can be raised in an action brought for the recovery of another debt, pursuant to section 52-139
CT Page 5205 C.G.S. An equitable set-off is the recognition at equity of the effect of multiple obligations between the parties, to prevent circuity of actions. Savings Bank of New London v. Santaniello, 130 Conn. 206, 210-211 (1943).
While the defendants assert that several trial courts have ruled that a settlement received by the plaintiff from another tortfeasor may be raised as a set-off, the Appellate Court in Godiksen v. Miller, 6 Conn. App. 106, 109-10 (1986) upheld a trial court finding that a defendant who did not contribute to a settlement paid to a plaintiff could not raise that settlement as a set-off.
In the case at bar, as in Godiksen, the payments that the defendants seek to claim as a set-off were concededly paid by others, not by them. The defendants are therefore not entitled to raise them in a special defense on the theory of set-off. See, in accord, Rosiello v. Ladden, 2 CtLR 179 (9/3/90, Santos, J.).
The defendants further assert that even if their invocation of the provisions of section 52-225a C.G.S. is not actually a set-off, they should be able to raise the issue in a special defense lest they lose the benefits of the operation of the statute. No such hazard exists, since the statute itself specifically sets forth the procedure for making the statutory reductions.
The defendants further argue that they should be permitted to plead their case as they wish, if their desired method is not in conflict with the rules of practice. Since the sections of the Practice Book cited above limit the scope of what can be raised as a special defense, the defendants are, in fact, seeking to plead in a manner not authorized by the rules of practice. The defendants observe, in essence, that their desired method of invoking section 52-225a does no harm because, since the repeal of section 310 P.B., submission of the pleadings to the jury is now not required but is discretionary. Clearly, if the pleadings contain a special defense containing matters which, by the terms of section 52-225a C.G.S. are to be considered not by the jury but by the court after the jury's finding of liability, the exercise of discretion by the court would be hampered. The trial court would be constrained to forego submission of the pleadings to the jury because of such inclusion or arrange to have the special defense redacted in order to enable such submission. Neither impediment should be allowed since both are unnecessary in view of the fact that the defendant is entitled, as a matter of court procedure, to request a hearing on the issue of reduction of damages in the amount of CT Page 5206 statutorily defined collateral source benefits, pursuant to section 52-225a(b) C.G.S.
The defendants' listing of trial court rulings they claim support their position is not accurate. In Zujewski v. Allen, 2 CtLR 46 (Aug. 6, 1990) Judge Fuller in fact found that the operation of section 52-225a could not be raised as a special defense, contrary to the defendants' citation of the case for the opposition conclusion. See, in accord, Zabaja v. Guerrera, 1 CtLR 23 (April 9, 1990, Maloney, J.) and Valuk v. Matthews, 4 CtLR 16 (May 2, 1991, Fuller, J).
The motion to strike the First Special Defense is granted.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT