[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"The motion to strike is the proper vehicle to challenge the legal sufficiency of any answer to any complaint, counterclaim or cross-claim, or any part of that answer including any special defense contained therein . . ." Practice Book 152. In passing on a motion to strike . . . we must take the facts alleged favorably to the pleader and view those facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." Zeller v. Mark, 14 Conn. App. 651,542 A.2d 752 (1988).
The court is also limited to "the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138, 140-41,438 A.2d 27 (1980). The supreme court will not uphold the granting of a motion to strike on a ground not alleged in the motion nor relied upon by the trial court. Blancato v. Feldspar Corporation, 203 Conn. 34, 44, 522 A.2d 1235 (1987). "Although grounds other than those specified should not be considered by the trial court in passing upon a motion to strike, . . . where the trial court sustains a motion to strike on erroneous grounds, if another ground is appropriate, the granting of the motion will be upheld by this court." Morris v. Hartford, 200 Conn. 676,682, 513 A.2d 66 (1986). The alternative ground must have been alleged in the motion to strike in some form. Id., 682.
I. Third Special Defense
Opticare argues that the defendant's third special defense does not address the making, validity or enforcement of the obligation and is therefore a legally insufficient defense to the present action. Opticare argues that because the claims CT Page 1870 asserted in the third special defense are the subject of a separate legal proceeding brought by the defendant in the Superior Court at Stamford, the special defense should be stricken. Aaron's third special defense states in part that:
 The purported assignment of the alleged debt at issue in this action to plaintiff by Opticare Eye Health Centers, P.C. — Norwalk is a fraudulent and bad faith transaction wrongfully designed and intended by plaintiff and Opticare Eye Health Centers, P.C. — Norwalk to shield Opticare Eye Health Centers, P.C. — Norwalk from its liability to defendant arising from Opticare Eye Health Centers, P.C. — Norwalk's breach of its Employment Agreement with the defendant . . .
The plaintiff seeks to strike the defendant's third special defense on the ground that it does not attack the making, validity or enforcement of the obligation and is therefore insufficient to state a legal defense to the action. The plaintiff relies on a line of cases involving foreclosures. See Centerbank v. Motor Inn Assoc., 9 Conn. L. Rptr. 505 (September 6, 1993, Thompson, J.) (special defenses to a foreclosure which do not address the making, validity or enforcement of the note and mortgage are insufficient) Connecticut National Bank v. Olson, 9 Conn. L. Rptr. 483 (July 30, 1993, Pellegrino, J.) (special defenses to a foreclosure action which allege breach of duty, good faith in fair dealing and violation of unfair trade practices are insufficient); Shoreline Bank Trust Co. v. Leninski, 8 Conn. L. Rptr. 522 (March 19, 1993, Celotto, J.) (defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagor); Bedford Plaza Ltd. Partnership v. Nakhai, 2 Conn. L. Rptr. 841
(June 8, 1990, Flynn, J.) (where the court listed the available defenses to a foreclosure as payment, discharge, release, satisfaction or the invalidity of the lien).
The defendant argues in his brief that the assignment of the debt from Eye Health Center to the plaintiff was fraudulent and was designed to shield Eye Health Center from its liability to the defendant. The defendant is alleging a fraudulent conveyance under General Statutes 52-552h(a) and arguing that the conveyance from Eye Health Center to the plaintiff is voidable to the extent necessary to satisfy the defendant's claim. The defendant further argues that the plaintiff has mischaracterized the nature of the special defense and that the law cited in plaintiff's brief is inapposite. CT Page 1871
"Under ordinary principles of common law, the assignee of a non-negotiable instrument . . . takes subject to all defenses." Enterprises, Inc. v. Becker, 36 Conn. Sup. 213 (Super.Ct. 1980). In the present case, however, there are no allegations that the debt is negotiable or non-negotiable, nor are there any allegations that there is a note or other written instrument that evidences the alleged debt. The plaintiff has relied on cases to support its motion which list proper defenses to foreclosure actions and collections on notes. The present case is not a foreclosure, nor are there any notes involved.
The court is limited to the grounds specified in the plaintiff's motion. The plaintiff has not provided any authority to support its ground for striking the third special defense. The plaintiff's motion to strike the third special defense is denied.
II. Fourth Special Defense
Opticare argues that the fourth special defense does not establish that the plaintiff has no cause of action because it does not attack the obligation itself but rather attacks some act or procedure by the creditor. Aaron's fourth special defense states that:
 Plaintiff is not a holder in due course of the right, title and interest to the alleged debt at issue in this action and is barred from collecting said alleged debt, to the extent that any monies are, in fact, owed by the defendant to Opticare Eye Health Centers, P.C. — Norwalk.
The plaintiff moves to strike the fourth special defense as legally insufficient on the grounds that (1) it does not address the making, enforcement or validity of the obligation and (2) the plaintiff is a holder in due course entitled to enforce the obligation. To support its first ground, the plaintiff relies on cases which involve foreclosures on notes and mortgages to argue that defendant's special defense does not address the making, enforcement or validity of the obligation. As noted above, no note or instrument has been alleged. The plaintiff has not provided any authority to support its first ground on which to strike defendant's fourth special defense.
Secondly, the plaintiff argues that it is a holder of the "obligation," and is therefore entitled to enforce it. However, CT Page 1872 the holder in due course status is irrelevant in the present case because no note or instrument has been alleged. The plaintiff does not provide any authority to support its second ground to strike the defendant's fourth special defense.
This court is limited to the grounds specified in plaintiff's motion. Meredith v. Police Commission, supra. This court must also view the pleadings in a light most favorable to the defendant. Zeller v. Mark, supra. The plaintiff's motion to strike the fourth special defense is denied.
III. Set-off
The defendant claims the breach of its employment contract with Eye Health Center as a set-off. Opticare argues that the set-off claim is improper because it does not allege a debt that is presently due and arising from a contract or liquidated claim. The law of set-off is governed by General Statutes 52-139. That statute provides in part: "(a) In any action brought for the recovery of debt, if there are mutual debts between the plaintiffs or any of them, and the defendant or defendants, or any of them, one debt maybe set off against the other." "A condition precedent to the application of 52-139 is that the defendant's claim arise from a debt due by the plaintiff." Elis v. Rogers, 15 Conn. App. 362,544 A.2d 633 (1988). "It is the defendant's burden to demonstrate its right of set-off by affirmatively and adequately alleging such a claim in the pleadings." Id., 365. "Setoffs can be based either in law or in equity." Godiksen v. Miller, 6 Conn. App. 106,109, 503 A.2d 617 (1986). In the absence of any mutual debt, there can be no possibility of a legal set-off. First Constitution Bank v. Veldhuis, 6 CSCR 389 (March 15, 1991, Katz, J.).
"The right of setoff, whether legal or equitable, has always been confined to rights of action arising from contract." Springfield-Dewitt Gardens, Inc. v. Wood, 143 Conn. 708, 713,125 A.2d 488 (1956). "A proper setoff alleges a debt that is presently due and arising from a contract or liquidated claim." Armatino v. Romano, 1 Conn. L. Rptr. 60, 61 (November 28, 1989, Cretella, J.). Furthermore, the debt must be a mutual one. Id. "[T]o constitute mutuality the debts must be due to and from the same persons in the same capacity; they must exist between the parties in their own right, and be of the same kind and quality, clearly ascertained and liquidated." General Consolidated, Ltd. v. Rudnick Sons, Inc., 4 Conn. Cir. Ct. 581, 586 (1967). CT Page 1873
In Armatino, supra, the set-offs did not allege a mutual liquidated debt due and owing at the time the complaint was filed, and the defendants set-offs were stricken. In the present case, the plaintiff argues that the defendant's claim does not constitute a mutual debt and is not a debt presently due the defendant. The defendant, by way of set-off, has claimed the breach of an employment contract by the plaintiff's assignor. Since there is no clearly ascertainable or liquidated debt, there can be no set-off. The motion to strike the defendant's claim of set-off is granted.
SYLVESTER, J.