[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#127)
The plaintiff, Patricia Neary, commenced this medical malpractice action against the defendant, Brian E. McCarthy, an orthopedic surgeon licensed to practice in this state, to recover damages she allegedly sustained as a result of the defendant's negligence. The plaintiff filed a one count amended complaint on August 2, 1994 that alleges the following facts.
The defendant began treating the plaintiff in September 1990 for a lower back injury. In the course of the treatment, the defendant performed an operation, during which the defendant negligently cut an artery and vein of the plaintiff, resulting in substantial internal bleeding. The plaintiff was required to undergo emergency surgery to repair the injured vessels. The complaint alleges that the defendant did not exercise the degree of care and skill ordinarily used by physicians specializing in the field of orthopedic surgery and that the plaintiff suffered damages as a result of the defendant's negligence.
The defendant filed an answer to the amended complaint, which included two special defenses. The first special defense alleges that the plaintiff has already received $137,500 from other sources for her injuries, and that if damages are assessed against the defendant, this sum must be setoff or applied to any sum determined to be due from the defendant. The second special defense alleges that the claim is barred by the applicable statute of limitations.
The plaintiff now moves to strike the first special defense because it fails to state a legally sufficient claim and also because Practice Book Sec. 195A prohibits the pleading of collateral source payments. The plaintiff attached a memorandum of law to their motion. The defendant timely filed a memorandum in opposition.
The function of a motion to strike, "like that which the demurrer served, is to test the legal sufficiency of a pleading."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action" Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442
(Super Ct. 1983). "[A]ll facts well pleaded and those facts necessarily implied from the allegations are taken as admitted."Amodio v. Cunningham, 182 Conn. 80, 82-83, 438 A.2d 6 (1980). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the [pleader]." Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988). "In deciding upon a motion to CT Page 1073 strike . . . a trial court must take the facts to be those alleged in the [pleading]." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990).
The plaintiff argues that the first special defense should be stricken because Practice Book Sec. 195A prohibits any pleading which contains allegations regarding receipt by a party of collateral source payments as described in General Statutes Secs.52-225a and 52-225b. Additionally, the plaintiff contends that while collateral payments may reduce recovery following a verdict and a finding of damages, they are not special defenses to a complaint. Such collateral source payments are issues for the court to decide after a verdict in favor of the plaintiff. Therefore, the plaintiff argues the special defense should be stricken.
The defendant contends that Connecticut allows plaintiffs to recover full satisfaction for their injuries, but no more. The defendant contends that the plaintiff has received a prior payment not from a joint tortfeasor, but from an independent tort feasor, and that the court should consider past settlements along with other evidence of damage. Additionally, the defendant contends the proper way to raise the issue of setoff is by affirmative defense. The defendant is concerned that absent any such defense, he will be precluded from introducing evidence of the plaintiff's prior settlement. Finally, the defendant contends that the special defense alleged is not a collateral source payment, because that statute specifically states that collateral source payments do not include amounts received by the claimant as settlement.
General Statutes Sec. 52-225a provides that once liability is determined and damages are awarded, but before the court enters judgment, the court may reduce the damages awarded by the amount of collateral source payments made for the benefit of the claimant. Collateral sources for the purposes of this section are defined as
 any payments made to the claimant, or on his behalf, by or pursuant to: (1) Any health or sickness insurance, automobile accident insurance that provides health benefits, and any other similar insurance benefits, except life insurance benefits available to the claimant, whether purchased by him or provided by others; or (2) any contract or agreement of any group, organization, partnership or corporation to provide, pay for or CT Page 1074 reimburse the costs of hospital, medical, dental or other health care services. "Collateral sources's do not include amounts received by a claimant as a settlement.
Gen. Stat. Sec. 52-225b.
Practice Book Sec. 195A explicitly prohibits any pleading that contains allegations regarding the receipt by a party of collateral source payments as described in Gen. Stat. Secs. 52-225 and 52-225b. The plaintiff argues that inasmuch as the defendant seeks a set-off or reduction of collateral sources under Secs. 52-225a or52-225b, the Practice Book and case law bars the defendant from so doing. The defendant, however, submits that the first special defense alleges payments received by the plaintiff from the settlement of a lawsuit in which the same injuries were alleged.
The first special defense states:
 The plaintiff already has received payment from other persons in payment for the same injuries and damages for which compensation is sought in this action against the defendant. If damages are assessed against the defendant, then this sum must be set off, or applied in satisfaction or reduction of any sum determined to be due to the plaintiff from this defendant.
On its face, it is not clear whether this special defense alleges collateral source payments as defined by the General Statutes. This special defense does not state from whom the payment was received, instead it states only that it was received from "other persons." There are no allegations that payment was received pursuant to any insurance or contract as defined by Sec.52-225b. As such, it is not clear to the court whether the defendant is alleging a collateral source payment as defined by the statute. Additionally, it is unclear from the special defense whether the defendant is alleging collateral source payments received "as a settlement." The court cannot consider additional facts presented by the defendant in its memorandum of law because on a motion to strike the court is limited to the facts alleged in the pleading. Liljedahl Bros., Inc. v. Grigsby, supra, 215 Conn. 348. Since there are no allegations in the special defense that the payment was received in settlement of a prior related claim, the court cannot conclude that payment was received as a CT Page 1075 settlement. Due to the lack of specificity of the allegations of the special defense, the court cannot conclude that the special defense contains allegations of collateral source payments as defined by Sec. 52-225b, or that it alleges "an amount received by the claimant as a settlement." Based on the facts alleged in the first special defense, the court cannot conclude that it violates the prohibition in Practice Book Sec. 195A.
The court is not convinced that the first special defense is a legally sufficient special defense. The defendant argues that he is required to plead this special defense as a setoff under Practice Book Sec. 168. That section provides that
 "[i]n any case in which the defendant has either in law or in equity or in both a counter-claim, or right of setoff, against the plaintiff's demand, he may have the benefit of any such setoff or counter-claim by pleading the same as such in his answer, and demanding judgment accordingly; and the same shall be pleaded and replied to according to the rules governing complaints and answers. (See Gen. Stat., 52-139 to 52-142.)."
The law of setoff is governed by General Statutes 52-139, which provides in part: "(a) In any action brought for the recovery of debt, if there are mutual debts between the plaintiffs or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other." "A condition precedent to the application of 52-139 is that the defendant's claim arise from a debt due by the plaintiff." Elis v. Rogers, 15 Conn. App. 362,544 A.2d 633 (1988). "It is the defendant's burden to demonstrate its right of set-off by affirmatively and adequately alleging such a claim in the pleadings." Id., 365. "Setoffs can be based either in law or in equity." Godiksen v. Miller, 6 Conn. App. 106, 109,503 A.2d 617 (1986). In the absence of any mutual debt, there can be no possibility of a legal set-off. First Constitution Bank v.Veldhuis, 6 CSCR 389 (March 15, 1991, Katz, J.).
"The right of setoff, whether legal or equitable, has always been confined to rights of action arising from contract."Springfield-Dewitt Gardens, Inc. v. Wood, 143 Conn. 708, 713,125 A.2d 488 (1956). "A proper setoff alleges a debt that is presently due and arising from a contract or liquidated claim." Armatino v.Romano, 1 Conn. L. Rptr. 60, 61 (November 28, 1989, Cretella, J.). Furthermore, the debt must be a mutual one. Id. "[T]o constitute CT Page 1076 mutuality the debts must be due to and from the same persons in the same capacity; they must exist between the parties in their own right, and be of the same kind and quality, clearly ascertained and liquidated." General Consolidated, Ltd. v. Rudnick Sons, Inc.,
4 Conn. Cir. Ct. 581, 586 (1967).
The defendant's first special defense does not amount to a proper claim of a setoff requiring the pleading of a special defense under Practice Book Sec. 168. The allegations of the first special defense do no not support a legal setoff because there is no allegation of a debt due by the plaintiff. Additionally, the defendant has failed to allege a mutuality of debts. He also has failed to properly raise an equitable setoff because the allegations of the special defense are not confined to rights of action arising from contract. The defendant's first special defense alleges a payment from an unnamed source. It does not allege that there presently is any debt owing from the plaintiff to the defendant. As such, the allegations of the first special defense are not proper allegations of setoff. These allegations are not the type required to be alleged under Practice Book Sec. 168.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book 164." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992). The defendant's special defense, as alleged, fails to show that the plaintiff has no cause of action. The defendant's reliance on Milos v. Day Kimball Hospital, Superior Court, Judicial District of Stamford/Norwalk at Stamford, No. 02 96 60 (January 26, 1984, Lewis, J.) is misplaced. In that case, the court permitted a special defense asserting payment from the original tortfeasor and pro tanto satisfaction. In this case, however, the special defense does not allege that payment was received from the original tortfeasor, and the court cannot rely on factual allegations not contained in the pleadings. Liljedahl Bros., Inc. v. Grigsby,
supra, 215 Conn. 348.
The first special defense, as alleged, is legally insufficient because it fails to properly allege a special defense. While it does not clearly allege collateral source payments prohibited under Practice Book Sec. 195A, it does fail to allege that the sums were received as a settlement. Furthermore, the special defense is not a proper claim for legal or equitable setoff. Finally, the special defense does not demonstrate that the plaintiff has no cause of CT Page 1077 action.
For these reasons, the plaintiff's motion to strike the first special defense is granted.
PICKETT, J.