[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has moved to strike the First and Second Special Defenses filed by the defendants. In the First Special Defense, the defendants allege that the motor vehicle collision at issue was "an unavoidable accident, not of the making of the defendants, in that the defendants were struck in the rear by another, unidentified motor vehicle which propelled defendants' vehicle forward, striking the rear of the plaintiffs' vehicle. Said accident was not initiated or caused in any way by any negligence of the defendants."
In the Second Special Defense the defendants claim a set-off as to "a sum certain [that the plaintiff] received from her uninsured motorist insurance carrier."
I. "Unavoidable Accident"
The plaintiffs' motion to strike the First Special Defense is based on the argument that the characterization of the collision as an "unavoidable accident" is no more than a denial of the plaintiffs' allegations of negligence, and that it therefore is not properly the subject of a special defense. Practice Book § 164 provides that "[n]o facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statement but show, notwithstanding, that [the plaintiff] has no cause of action, must be specially alleged." CT Page 3633
In essence, the defendants claim that the accident was caused by the negligence of others, not by their negligence, as the plaintiffs have alleged. Facts tending to show that the damages complained of were not caused by the defendants' negligence as claimed would be admissible under the defendants' denial of the allegations in paragraph 5 of the complaint. It should be noted that the plaintiffs have included in their complaint an allegation at paragraph 3 that an unidentified vehicle "struck the rear of the defendants' vehicle, pushing it into the automobile of the plaintiff, June Meloy, causing further damage and injury, but to a much lesser extent that the first collision." The defendants may introduce evidence as to causation relevant to their admission of part of this allegation and denial of the other elements of causation alleged.
While the negligence of a plaintiff must be raised by a special defense pursuant to P.B. § 167, it appears that facts supporting a denial that the defendants' actions were causative is to be raised by a denial, not by a special defense. See Pascarellav. Candelaria, 4 Conn.L.Trib. No. 38, p. 14 (App. Sess.); cert.denied, 176 Conn. 763, 394 A.2d 201 (1978).
The motion to strike the first special defense is, therefore, granted.
II. Receipt of Uninsured Motorist Benefits
As a second special defense the defendant has alleged as follows:
 The plaintiff received a sum certain from her uninsured motorist insurance carrier which sum shall operate as a set-off to the plaintiff's claim against the defendant.
Pursuant to Practice Book § 168, a defendant may plead a set-off if the defendant has, either in law or in equity, a right of set-off against the plaintiff's demand.
General Statutes § 52-141 provides that in a tort action a defendant may "set off against any judgment rendered against him any debt which he holds, jointly and severally, against the plaintiff," with certain exceptions. CT Page 3634
The defendant has not pleaded that the plaintiff owes it a debt or that the defendant had any contractual or other right to any benefits received by the plaintiffs from their own uninsured motorist insurer. In the absence of a pleading asserting the existence of a legal or equitable right of recovery, the defendant has failed adequately to plead a set-off.
To the extent that the defendant is seeking credit for payments by collateral sources, it has been held that collateral source payments do not constitute set-offs pursuant to P.B. § 168. See Derdiarian v. Clinton, 3 Conn. L. Rptr. 299, 300 (1990); Valukv. Matthews, 4 Conn. L. Rptr. 1, 16 (1991); Saladeno v. Barry,4 Conn. L. Rptr. 405 (1992); Mohsen v. Peters, 4 Conn. L. Rptr. 239,6 CSCR 673 (1991).
Moreover, P.B. § 195A provides that "[n]o pleading shall contain allegations regarding receipt by a party of collateral source payments as described in Conn. Gen. Stat. §§ 52-225a and52-225b."
The defendant has asserted the right to claim a set-off pursuant to Conn. Gen. Stat. § 52-216a. This statute is in no way applicable to the situation before this court, in which the defendants claim a set-off without articulating any equitable or legal right to the money at issue.
Conclusion
The plaintiffs' motion to strike the defendants' first and second special defenses is granted.
Beverly J. Hodgson Judge of the Superior Court