[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff filed a foreclosure action against the defendant, Broad and Hanrahan Limited Partnership. On June 29, 1995 the court (Hickey, J.) granted the plaintiff's motion for summary judgment as to liability. On March 15, 1996, the plaintiff filed a motion to strike the foreclosure action from the jury docket. The defendant filed an objection to the motion on March 29, 1996. The plaintiff filed a reply memorandum on April 3, 1996.
The plaintiff argues that a complaint asking for strict foreclosure is an equitable action which is not triable to a jury. The defendant responds that the court in its memorandum of decision granting summary judgment dismissed the counterclaims and special defenses save the first two special defenses, which allege that the defendant is entitled to a set-off pursuant to General Statutes § 52-139, and this is an action at law. The plaintiff responds that the court did dispose of the special defenses, a special defense alleging a set-of is equitable, and is incidental to the foreclosure action.
The court held, "[t]he first two special defenses need not be addressed as they do not affect liability." Memorandum of CT Page 5123-WWWW Decision, Hickey, J. The first two special defenses were not dismissed in the summary judgment action.
"Setofs can be based either in law or in equity." Godiksen v.Miller, 6 Conn. App. 106, 109, 503 A.2d 617 (1986). "A legal setoff, in an action brought to recover on a debt, is controlled by General Statutes § 52-139." Id., 110 n. 4. However, "[a] condition precedent to its [the predecessor statute to General Statutes §52-139] application is that it shall be in answer to a suit on a debt. The plaintiff's action was not a suit on a debt but one for strict foreclosure. It follows that . . . [the defendant's] right is based on equitable principles." Savings Bank of New London v.Santaniello, 130 Conn. 206, 211, 33 A.2d 126. Accordingly, the set-off claim must be based on equitable principles, and is therefore not a proper matter for a jury.
Lastly, the plaintiff argues that the set-off is incidental to the claims. Because the setoff is an equitable claim, the court need not address this argument. The motion to strike the foreclosure action from the jury docket is granted.
HICKEY, J.