[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff by way of a motion to strike requests this court to strike those parts of the defendants' answer which set forth a special defense, a setoff, and a counterclaim. I have stricken the special defense, the setoff, and the second count of the counterclaim.
Connecticut Bank Trust Company seeks to collect a debt which is evidenced by a note signed by the defendants. In the special defense, the defendants allege that the plaintiff bank falsely represented to the defendants that the bank would lend the defendants more money than it actually lent, that the bank failed to comply with its oral agreement, and that the bank thereby caused the defendants to suffer damages. These allegations do not show that the plaintiff lacks a cause of action. If the defendants were fraudulently induced into making the contract, as they claim, they have two remedies. They may pursue the the equitable remedy of rescission and return any money they obtained pursuant to the contract. Kavarco v. T. J. E., Inc., 2 Conn. App. 294, 298-99 (1984). They may affirm the contract and seek damages for its breach. Pacelli Bros. Transportation, Inc. v. Pacelli, 189 Conn. 401,409-10 (1983). The defendants may not, however, retain the money they obtained pursuant to the contract and seek the equitable remedy of rescission. Since the defendants seek by CT Page 1757 way of the special defense to retain the money and rescind the contract, the special defense must be stricken.
The plaintiff's argument that the setoff is defective has four prongs. First, the plaintiff claims the setoff is precluded by the Statute of Frauds. Gen. Stat. 52-550. The plaintiff relies on sub-section (a)(6) of the statute, which relates to loans in excess of $50,000.00. Sub-section (a)(6) was added to the Statute of Frauds by Public Act 89-338, 3, which became effective on October 1, 1989. Since the sub-section became effective after the plaintiff initiated this law suit, sub-section (a)(6) should not be applied to this case. The plaintiff may take advantage of the other provisions of the Statute of Frauds under a simple denial. Prac. Bk. 164. Sub-section (a)(6), however, is not a basis for striking the setoff.
The second prong of the plaintiff's argument is that the claim of setoff should be striken on the theory the court must at the time of trial bar testimony as to the terms of the oral agreement. The plaintiff argues that the oral agreement merged into the subsequent written contract and that the court must therefore apply the parole evidence rule. The plaintiff misconstrues the parole evidence rule. Whether a written contract is actually the final repository of the oral agreements and dealings between the parties depends on their intention. Damora v. Christ-Janer, 184 Conn. 109, 113
(1981). Oral testimony on this issue is always competent. Id. at 114. This part of the plaintiff's argument is not a basis for striking the setoff.
The third prong of the plaintiff's argument is that the defendants have failed to allege the terms of the oral contract upon which the claim of setoff is based. The defendants, however, are not required to state all the terms of a contract. They may plead or state a contract according to its legal effect. Prac. Bk. 109. In the absence of a more complete statement, it is difficult to ascertain whether the facts which the defendant intends to prove will support the counterclaim. The plaintiff could have obtained a more complete statement by filing a motion to revise. It did not do so.
The fourth prong of the plaintiff's argument for striking the setoff is that the defendants have claimed damages which are wholly speculative. Usually, causation is a question of fact for the trier to resolve at the time of trial. The nature of the claim, however, is relevant to the court's evaluation of the legal sufficiency of the setoff. The "debt" the defendants seek to set off against the plaintiff's action CT Page 1758 for the recovery of a debt is not an unconditional and legally enforceable obligation for the payment of money as is required for a setoff. Gen. Stat. 52-139. Because the defendants have not alleged such a debt, they have not alleged a claim of setoff. Elis v. Rogers, 15 Conn. App. 362, 365 (1988); Petti v. Balance Rock Assoc., 12 Conn. App. 353, 362 (1987). Accordingly, the motion to strike the setoff must be granted.
The plaintiff also attacks the counterclaim. The plaintiff's grounds for striking the counterclaim are as follows: (1) each of the three counts of the counterclaim violates the Statute of Frauds; (2) each count fails to sufficiently allege the terms of an oral contract; (3) each count fails to allege damages which are causally linked to the breach of the contract; (4) the second count fails to allege that a false representation as to future conduct was made as a statement of fact; (5) the third count fails to allege a violation of the Connecticut Unfair Trade Practices Act (CUTPA) 42-110(a) et sec. The first two grounds have previously been discussed in this memorandum. For the reasons already stated, I conclude that the first two grounds do not provide a basis to strike the counterclaim. The third ground, which is a claim by the plaintiff that the damages are speculative, raises a question of fact which should not be decided on the motion to strike.
The fourth ground relates only to the second count of the counterclaim, which sets forth a claim of fraud based on an alleged misrepresentation. The plaintiff claims that the defendants have not sufficiently alleged a misrepresentation of fact. This claim focuses on paragraph seven of the counterclaim.
In Paragraph seven, the defendants allege that the plaintiff "falsely and fraudulently made oral representations to the defendants that CBT would lend to the defendant SIX MILLION EIGHT HUNDRED THOUSAND DOLLARS ($6,800,000.00 ), when in fact CBT was only willing to advance $1,700,000.00 of the actual loan promised." Generally, misrepresentations must relate to an existing or past fact. A promise to do something the future is not actionable unless the promise is coupled with a present intention not to fulfill the promise. Barlow Bros. Co. v. Gager, 113 Conn. 429, 444-45 (1931); Sallies v. Johnson, 85 Conn. 77, 80 (1911). The defendants have not alleged the plaintiff had at the time of the promise the intention not to perform. Because of this deficiency, the defendants have failed to adequately allege a cause of action in fraud. Hence, the second count of the counterclaim must be stricken. CT Page 1759
The fifth ground for attacking the counterclaim relates to the third count. The plaintiff claims that CUTPA does not apply to banking institutions. There are conflicting trial court opinions on this issue. Since CUTPA is a remedial statute and should be construed liberally, I adopt the view expressed in Weisman v. Westport Bank Trust Co., 12 CLT No. 23, p. 29 (Superior Court, April 30, 1986, Zoarski, J.) and hold that CUTPA does apply. Accordingly, the motion to strike the third count is denied.
The motion to strike the special defense and setoff is granted. The motion to strike the first and third counts of the counterclaim is denied. The motion to strike the second count of the counterclaim is granted.
George N. Thim, Judge.