[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Ralph and Catherine Serpico filed a small claims action on August 14, 1995, in the judicial district of Danbury, alleging $2000 in damages from the failure of the defendants, Patrick and Evelyn McGrath and Stephen and Bettina Slade, to pay a proportionate share of repair and maintenance costs for an easement used by the defendants on the plaintiffs' property. The complaint also alleges that subdivision maps filed in the town clerk's office require all parties using the easement to pay a "proportionate share" of maintenance of the easement. The defendants filed a proper motion to transfer the claim to the regular docket, pursuant to Practice Book § 572, on September 7, 1995, filed an appearance and a simultaneous answer, counterclaim, and setoff. The defendants' motion to transfer was granted on September 18, 1995.
On May 6, 1996, the defendants hand delivered to the plaintiffs a check for $2000 and a letter indicating that such check was to serve as a full and final settlement of the plaintiffs' claim. On June 18, 1996, the defendants notified the plaintiffs of the defendants' filing of an offer of judgment for $2000. An offer of judgment in that amount was filed on June 19, 1996, pursuant to § 52-193 of the General Statutes. Also on June 19, 1996, the plaintiffs deposited the check for $2000 into an attorney's trustee account in the name of the "Law Offices of Ralph Serpico, trustee account," but altered the check by writing on the front and back "accepted as partial payment." No written acceptance of the offer of judgment was ever filed.
On June 26, 1996, the defendants, with leave of the court, CT Page 8670 filed an amended answer, counterclaim and setoff.[1] On August 23, 1996, pursuant to Practice Book §§ 143 and 145, the defendants filed the present motion to dismiss for lack of subject matter jurisdiction. In their memorandum in support of this motion, the defendants allege that the depositing of the defendants' $2000 check into the plaintiffs' trustee account constitutes acceptance of the money as a full and final settlement. As such, the defendants claim that an actual controversy no longer exists, that the plaintiffs' claim is moot and that the court lacks subject matter jurisdiction. The defendants state that the plaintiffs altered the check by writing on it "accepted as partial payment" without the defendants' knowledge or consent. On September 9, 1996, the plaintiffs filed an objection to and a memorandum in opposition to the defendants' motion,[2] and the two parties argued the motion before the court.
"`Mootness implicates the court's subject matter jurisdiction and is thus a threshold matter . . . .'" Napoletano v. CignaHealthcare of Connecticut, Inc., 238 Conn. 216, 230, quotingAyala v. Smith, 236 Conn. 89, 93. "A claim that is moot is properly subject to a motion to dismiss." Applied Computer Security Products v. Town of Trumbull Eac, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 325072 (December 1, 1995, Levin, J.); see also Practice Book § 143. "`It is well established that an [action] is moot when there no longer exists an actual controversy between the parties or when the court can no longer grant any relief.'" (Citation omitted.) Hilton v. City of New Haven, 233 Conn. 701, 726, citing Shays v. Local Grievance Committee, 197 Conn. 566, 571. "Where the actions of the parties themselves cause a settling of their differences, the case becomes moot." Sobocinski v. Freedomof Information Commission, 213 Conn. 126, 134.
In their memorandum in support of this motion, the defendants assert that, because they paid, and the plaintiffs accepted, the exact amount of damages alleged in the original small claims complaint, the present action no longer involves any controversy. The plaintiffs, in their memorandum in opposition, contend that the parties continue to dispute several issues. The plaintiffs maintain, first, that "several hundreds of dollars worth of damages . . . have accrued since the inception of this action which must now be resolved." Second, the plaintiffs argue that they had notified the defendants upon receipt of the check "that the claim would not be considered final until the interest and CT Page 8671 fees were paid." Finally, the plaintiffs note that the defendants filed an amended answer and counterclaim one week after filing the offer of judgment.
Factual and legal controversies exist in the present action, and the plaintiffs' claim cannot be dismissed as moot. Factually, the defendants themselves acknowledge in their memorandum that, while the defendants consider the $2000 payment to be a full and final settlement, the plaintiffs consider the same payment to be partial. Further, the plaintiffs claim that they informed the defendants of their intent to treat the payment as partial, while the defendants claim no prior knowledge of the plaintiffs' intent to treat the check as anything other than a complete settlement. Finally, the defendants' amendment of the answer and counterclaim after the filing of the offer of judgment suggests that even the defendants consider certain matters unsettled.
A legal controversy stems from the plaintiffs' depositing of the check in an attorney's trustee account without filing an acceptance of the defendants' offer of judgment. Although the defendants treat the check as unequivocally accepted, and the plaintiffs wrote on the check "accepted as partial payment," General Statutes §§ 52-194 and 52-195 (a) require a plaintiff to accept an offer of judgment by filing a written, signed acceptance within ten days of receiving notice of the offer of judgment, or "the offer shall be deemed to be withdrawn and shall not be given in evidence." General Statutes § 52-195 (a). As such, the question of whether the plaintiffs accepted the defendants' offer raises a legal issue over which the court has jurisdiction.
Even if the plaintiffs did accept the defendants' payment, the considerations of costs, interest and further damages must be addressed. Under General Statutes § 52-251a, the court may award the plaintiffs in the present action their costs and reasonable attorney's fees.[3] Similarly, under General Statutes §§ 52-194
and 52-195, after a plaintiff has either accepted or rejected a defendant's offer of judgment, the fact finder must render judgment and determine costs.[4] As a result, the defendants' payment of $2000 in damages keeps in issue the eligibility of the plaintiffs for, and the amount of, interest, costs and attorney's fees.
Lastly, the defendants make their claim of mootness based on an assertion of payment of the entire relief demanded in the CT Page 8672 complaint. A defendant properly pleads payment as a special defense. Practice Book § 164. "A defense of payment, even though nonpayment is alleged by the plaintiff, must be specially pleaded. . . . To the extent that the defendant's claim of payment was a defense, it properly should have been pleaded as such." (Citation omitted.) Elis v. Rogers, 15 Conn. App. 362, 366. The defendants should have pleaded payment as a special defense and not as a basis for a motion to dismiss for lack of subject matter jurisdiction. The motion to dismiss is, accordingly, denied.
Moraghan, J.