[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I.
The plaintiff, Security Pacific National Trust Co. (Security), filed a one count complaint dated October 25, 1999, seeking to foreclose a mortgage on the defendant's, David Dubinsky, real property known as 66-68 Prospect Street, East Hartford, CT Page 4723 Connecticut.
On October 14, 1988, Dubinsky executed a note and borrowed $168,750 from Citicorp Mortgage, Inc. (Citicorp). To secure the note, Dubinsky conveyed a mortgage on the East Hartford property dated October 14, 1988, to Citicorp. The mortgage was assigned to Security, as Trustee, by instrument dated August 2, 1991. Dubinsky failed to make the July 1, 1999 payment and all subsequent monthly payments as required by the loan documents. Security alleges that in accordance with the note provisions, the principal sum of $153,613.94 plus, but not limited to, interest, late charges, tax/insurance escrow shortage, reasonable attorney's fees and all costs of collection are due. Security seeks a foreclosure of the mortgage premises.
On December 21, 1999, Dubinsky filed an answer, a special defense seeking a recission of the loan transaction based on the theory of mutual mistake and a counterclaim seeking a setoff. On January 6, 2000, Security filed a motion to strike the special defense and counterclaim.
II.
"[A] plaintiff can [move to strike] a special defense or counterclaim." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716
(1978); see also Connecticut National Bank v. Voog,233 Conn. 352, 3 54-55, 658 A.2d 172 (1995); Girard v. Weiss,43 Conn. App. 397, 417, 682 A.2d 1078, cert. denied, 239 Conn. 946,686 A.2d 121 (1996). "In . . . ruling on the . . . motion to strike, the trial court [must] . . . take the facts to be those alleged in the special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). "[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.) Fairfield Lease Corp.v. Romano's Auto Service, 4 Conn. App. 495, 496, 495 A.2d 286
(1985).
Dubinsky's special defense seeking a recission of the loan transaction based on the theory of mutual mistake specifically alleges that Dubinsky and Citicorp, the plaintiffs predecessor in CT Page 4724 interest, made a mutual mistake regarding the condition of the property that is the subject of the mortgage and this foreclosure action. The special defense does not raise the validity of the note and mortgage. Security moves to strike this special defense on the ground that the allegations of recission fail to allege the requisite elements. The court finds this ground dispositive of the motion to strike the special defense and therefore does not address the numerous other grounds raised by Security.[1]
"A mutual mistake is one that is common to both parties and effects a result that neither intended." Inland Wetlands Watercourses Agency v. Landmark Investment Group. Inc.,218 Conn. 703, 708, 590 A.2d 968 (1991); see also Dainty Rubbish Service.Inc. v. Beacon Hill Assn., Inc., 32 Conn. App. 530, 537,630 A.2d 115 (1993). "[A]ccording to general principles of contract law, rescission based on a mistaken understanding of the terms of an agreement is available only where the mistake is mutual, or where one party's mistake has been caused by the other party's fraud. See Restatement 2d of Contracts §§ 152, 153 (1981)." (Internal quotation marks omitted.) Gebbie v. Cadle Co.,49 Conn. App. 265, 276-77, 714 A.2d 678 (1998). "Rescission, simply stated, is the unmaking of a contract. It is a renouncement of the contract and any property obtained pursuant to the contract, and places the parties, as nearly as possible, in the same situation as existed just prior to the execution of the contract." Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 299,478 A.2d 257 (1984). "We have regularly held that it is a condition of rescission and restitution that [the party seeking rescission] offer, as nearly as possible, to place the other party in the same situation that existed prior to the execution of the contract. Metcalfe v. Talarski, [213 Conn. 145, 153-54,567 A.2d 1148 (1989)]; Duksa v. Middletown, 192 Conn. 191, 197, 472 A.2d 1
(1984); Keyes v. Brown, 155 Conn. 469, 476, 232 A.2d 486 (1967);Kavarco v. T.J.E., Inc., [2 Conn. App. 294, 299, 478 A.2d 257
(1984)]." (Internal quotation marks omitted.) Burt's Spirit Shop.Inc. v. Ridgway, 215 Conn. 355, 360, 576 A.2d 1267 (1990); see also Merson v. Berkoff, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 122617 (July 21, 1993,Rush, J.) (motion to strike prayer for relief seeking recission granted on ground that complaint did not claim that the plaintiffs ever restored or offered to restore the defendants to their position prior to the contract).
Taking the facts to be those alleged in the special defense and construing the defense in the manner most favorable to sustaining its legal sufficiency; see Connecticut National Bank v. Douglas,
CT Page 4725 supra, 221 Conn. 536; the court concludes that Dubinsky failed to allege that he offered, as nearly as possible, to place Security in the same situation that existed prior to the execution of the contract, a necessary condition of rescission. See Burt's SpiritShop. Inc. v. Ridgway, supra, 215 Conn. 360. The defendant has pled insufficient facts to allow a claim of recission.
Accordingly, the court grants Security's motion to strike the special defense.
III.
Security also moves to strike Dubinsky's counterclaim seeking a setoff on the ground that the requirements of a setoff have also not been sufficiently p leaded.[2] Again, the court finds this ground dispositive of the motion to strike the counterclaim and therefore does not address the remaining grounds raised by Security.[3] Specifically, the counterclaim alleges that "[r]elying upon the doctrine of mutual mistake, the defendant hereby rescinds the mortgage loan transaction and demands restitution of all mortgage loan payments paid by him prior hereto." (Counterclaim, December 21, 1999, § 12.) The counterclaim further alleges that "[i]f set off is applied, then after setting off the aggregate amount of mortgage loan payments made by the defendants prior hereto against the original principal balance of the subject mortgage loan, the defendant demands restitution of any payments in excess of the original principal balance of the subject mortgage loan." (Counterclaim, December 21, 1999, ¶ 13.)
Practice Book § 10-54 provides that "[i]n any case in which the defendant has either in law or in equity or in both a counterclaim, or right of setoff, against the plaintiffs demand, the defendant may have the benefit of any such setoff or counterclaim by pleading the same as such in the answer, and demanding judgment accordingly; and the same shall be pleaded and replied to according to the rules governing complaints and answers." Practice Book § 10-54. "It is the defendant's burden to demonstrate its right of setoff by affirmatively and adequately alleging such a claim in the pleadings." (Internal quotation marks omitted.) Elis v. Rogers, 15 Conn. App. 362, 365,544 A.2d 633 (1988); see also Peters Production, Inc. v. Dawson,182 Conn. 526, 528, 438 A.2d 747 (1980).
"A set-off is made where the defendant has a debt against the plaintiff . . . and desires to avail himself of that debt, in the CT Page 4726 existing suit, either to reduce the plaintiffs recovery, or to defeat it altogether, and, as the case may be, to recover a judgment in his own favor for a balance." (Internal quotation marks omitted.) Hope's Architectural Products, Inc. v. Fox SteelCo., 44 Conn. App. 759, 762, 692 A.2d 829, cert. denied,241 Conn. 915, 696 A.2d 985 (1997). Claims for "[s]etoffs can be based either in law or in equity." Godiksen v. Miller,6 Conn. App. 106, 109, 503 A.2d 617 (1986); see also Savings Bank of NewLondon v. Santaniello, 130 Conn. 206, 210-11, 33 A.2d 126 (1943). The law of set-off is governed by General Statutes § 52-139. The relevant portion of that statute provides: "In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff . . . and the defendant. . . one debt may be set-off against the other." General Statutes § 52-139(a). "A condition precedent to [General Statutes § 52-139] application is that it shall be in answer to a suit on a debt."Savings Bank of New London v. Santaniello, supra, 130 Conn. 211; see also Hope's Architectural Products, Inc. v. Fox Steel Co.,
supra, 44 Conn. App. 762; Elis v. Rogers, supra,15 Conn. App. 365.
In Savings Bank of New London v. Santaniello, supra,130 Conn. 211, the Supreme Court found that "[t]he plaintiffs action was not a suit on a debt but one for strict foreclosure." Similarly, in the present case, Security's action is not a suit on a debt but one for foreclosure. Thus, the court concludes that Dubinsky's setoff claim does not fall within the ambit of General Statutes § 52-139.
Equitable setoff "applies to cases where, because of the nature of the claim or the situation of the parties, justice cannot be obtained by a separate action." (Internal quotation marks omitted.) Peter Cascio Nursery, Inc. v. Green Acres, Inc.,
3 Conn. Cir. Ct. 424, 427-28, 216 A.2d 856 (App.Div. 1965); see also Shoreline Bank Trust v. Leninski, Superior Court, judicial district of New Haven at New Haven, Docket No. 335561 (March 19, 1993, Celotto, J.) (court granted motion to strike the setoff because mortgagors did not plead the plaintiff was in debt to them or that justice could not be obtained by a separate action).
The court concludes that Dubinsky has not met his "burden of demonstrating [his] right of setoff by affirmatively and adequately alleging such a claim in the pleadings"; Elis v.Rogers, supra, 15 Conn. App. 365. Accordingly, the court grants Security's motion to strike the counterclaim asserting a setoff. CT Page 4727
Stengel, J.