[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this foreclosure action, the plaintiff moves to strike the three special defenses and the counterclaim filed by the defendant, Susan E. Spear, on the grounds that they are legally insufficient. The first special defense alleges that the mortgage was not properly witnessed by two persons as required by law. The third special defense alleges that the terms and conditions of the mortgage were not explained to the defendant by counsel. The counterclaim/setoff alleges that the plaintiff failed to provide the defendant with an initial truth in lending statement as required by the Federal Truth in Lending Act,15 U.S.C. § 1601, and seeks damages. As to the second and third defenses, at oral argument the defendant, through counsel, conceded their legal insufficiency as pleaded. Accordingly, the court addresses only the legal sufficiency of the first special defense and the counterclaim.
Under Practice Book § 10-39(a)(5), when a party seeks to contest the "legal sufficiency of any answer to any complaint, counterclaim or crosscomplaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof" "In . . . ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536 (1992). CT Page 3720
The following procedural law regarding motions to strike complaints is applicable here. The court is limited "to a consideration of the facts alleged in the complaint. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle,38 Conn. App. 360, 364 (1995), rev'd on other grounds, 236 Conn. 845
(1996); see also Cavallo v. Derby Savings Bank, 188 Conn. 281, 285-86
(1982). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348
(1990). "Although the motion to strike admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Citations omitted.) Emerick v. Kuhn,52 Conn. App. 724, 739, cert. denied, 249 Conn. 929, cert. denied,___ U.S. ___, 120 S.Ct. 500, 145 L.Ed.2d 386 (1999).
In the contested special defense, the defendant alleges that the mortgage deed is invalid because it was not properly witnessed by two witnesses. The plaintiff argues that this defense is legally insufficient because the lack of witnesses is a curable defect and the defendant has not pleaded facts to show that the defect was not waived. Under current foreclosure law only certain defenses are permitted.
 At common law, the only defenses to an action of this character would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . . Moreover, our courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had. . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability; . . . abandonment of security; . . . and usury.
(Brackets in original; citations omitted; internal quotation marks omitted.) Southbridge Associates, LLC v. Garofalo, 53 Conn. App. 11, 15-16, cert. denied, 249 Conn. 919 (1999).
Here, the special defense alleges sufficient facts to support a valid defense attacking the validity of the mortgage. The issue of the waiving of the defect or the effect of General Statutes § 47-36aa is not properly determined at this stage of the pleadings. The motion to strike the first special defense is denied. CT Page 3721
The counterclaim set forth by the defendant is a single paragraph alleging that the plaintiff violated the Truth in Lending Act,15 U.S.C. § 1601 et seq. The plaintiff argues that under a Superior Court case, Norwest Mortgage v. Edwards, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 057496 (May 4, 1998,Curran, J.T.R.) (22 Conn.L.Rptr. 123), such a violation is not a proper counterclaim in a foreclosure action. The court has read the decision, authored by Judge Curran, and disagrees with the plaintiff's position that it applies in this case. Judge Curran struck a counterclaim alleging a violation of the Truth in Lending Act because it sought "to attack the plaintiff's act or procedure of failing to notify the defendants of the error in calculation of the interest rate rather than attack the note by challenging the propriety of the interest rate itself." (Emphasis in original.) Id. Here the facts alleged support an attack on the validity of the note and mortgage itself by the plaintiff's alleged failure to provide the defendant with the required Truth in Lending statement.
The court does agree with the plaintiff that the allegation is not properly a setoff. Ellis v. Rogers, 15 Conn. App. 362, 365 (1988) ("a condition precedent to the application of § 52-139 is that the defendant's claim arise from a debt due by the plaintiff'). The defendant has failed to allege this condition precedent.
The motion to strike is denied as to the special defense and the counterclaim. It is granted to the extent the defendant has attempted to allege setoff.
DiPentima, J.