[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In its complaint, Shoreline Bank Trust Co. ("SBT") alleges CT Page 2732 that on March 31, 1988, the Leninskis mortgaged several parcels of land to SBT as security for a note by Discover Leasing, Inc. ("DLI"), promising to pay SBT a principal sum of $200,000, plus interest. SBT further alleges that the mortgagors failed to pay the May 1, 1990 interest installment and have still failed to pay that interest, despite a written demand on the Leninskis dated May 15, 1992. The remainder of the complaint sets forth the amount owing and the other encumbrances on the mortgage property. SBT has attached a notice of lis pendens to the complaint, as well as descriptions of the mortgaged properties and copies of the note and mortgage.
On August 25, 1992, SBT filed a demand for disclosure of defense against the mortgagors and Xenelis. On August 28, 1992, Xenelis filed a disclosure of no defense. Also on August 28, 1992, the mortgagors filed a disclosure of their defense. As a defense, they allege they do not owe SBT any money on the note. They allege that the purpose of the note was to set up a line of credit for DLI. They allege that they set up the line of credit as part of a double signature commercial checking account for DLI. They allege that SBT approved several transfers from the line of credit to the checking account. They further allege that SBT then allowed an officer of DLI to withdraw and embezzle the money from the checking account through the use of checks bearing only the signature of the officer. On September 9, 1992, the mortgagors filed a revised disclosure of defense. The revised disclosure adds an allegation that SBT failed to give the Leninskis adequate notice before foreclosing as required by the mortgage.
On September 21, 1992, the mortgagors filed a pleading entitled "Answer, Special Defenses, Set Off, and Counterclaims." By the way of setoff, they argue that any amount claimed due by SBT should be offset by the damages the mortgagors sustained through the misappropriation of funds. The three counterclaims are, respectively: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; and (3) a violation of the Connecticut Unfair Trade Practices Act. By way of special defense, they argue that (1) the foreclosure is invalid because of the lack of adequate notice as required by the note; and (2) the foreclosure is invalid because SBT breached its agreement with them by allowing unapproved transfers from DLI's line of credit and checking account.
On December 15, 1992, SBT filed a motion to strike the CT Page 2733 setoff claim, the counterclaims, and the special defenses. SBT argues that the setoff claim is legally insufficient because it does not allege that SBT is indebted to the mortgagors. It argues that the counterclaims and second special defense should be stricken because they are not related to the foreclosure issue; and that the first special defense should be stricken because SBT substantially complied with the terms of the mortgage.
On January 19, 1993, the mortgagors filed a memorandum in opposition to the motion to strike. In it, the mortgagors argue that the setoff and counterclaims arise from the same transaction as the issue SBT seeks to litigate. They argue that Connecticut recognizes their special defenses in foreclosure actions. As well, they argue that they have an equitable right to assert some of their defenses and claims.
 A motion to strike is used to challenge the legal sufficiency of the factual allegations of a pleading. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 [, 544 A.2d 1185] (1988). A motion to strike admits all facts well pleaded, and those facts are to be construed most favorably to the pleader. Id. If the factual allegation would support a cause of action, the motion to strike must be denied. Mingachos v. CBS, Inc., 161 Conn. 91, 109 [, 491 A.2d 368] (1985).
Bristol Savings Bank v. Szydlowski, 3 Conn. L. Rptr. 113, 114 (1991).
A claim for setoff may be based either in law or equity. Godiksen v. Miller, 6 Conn. App. 106, 109, 503 A.2d 617 (1986).
 The law of setoff is governed by General Statutes 52-139. The relevant portion of that statute provides "(a) In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff . . . and the . . . defendants, or any of them, one debt may be set off against the other." CT Page 2734 (Emphasis added.) A condition precedent to the application to 51-139 is that the defendant's claim arise from a debt due by the plaintiff. See Savings Bank of New London v. Santaniello, 130 Conn. 206, 211, 33 A.2d 126 (1943).
. . . .
 Equitable setoff "applies to cases where, because of `the nature of the claim or the situation of the parties, justice cannot be obtained' by a separate action." Peter Cascio Nursery, Inc. v. Green Acres, Inc., 3 Conn. Cir. Ct. 424, 428 (App.Div. 1965).
First Constitution Bank v. Veldhuis, 3 Conn. L. Rptr. 795, 796 (1991). The mortgagors have not plead that SBT was in debt to them; nor have they argued that "because of the nature of the claim or situation of the parties, justice cannot be obtained by a separate action." Peter Cascio Nursery, Inc. v. Green Acres, Inc., supra, 428. Therefore, the court grants the motion to strike the setoff for failure to state a claim.
"In any action for legal or equitable relief, any defendant may file a counterclaim against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." Practice Book 116.
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus, accord and satisfaction, arbitration and award, coverture, duress, fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment (even though non-payment is alleged by the plaintiff), release, CT Page 2735 the statute of limitations and res adjudicata must be specially pleaded. . . .
Practice Book 164.
Although some foreclosure proceedings rely on the equitable nature of the proceeding as grounds for allowing counterclaims and defenses not recognized at common law, see e.g., Belford Plaza Ltd. v. Nakhai, 5 CSCR 468 (June 8, 1990, Flynn, J.); this trend must have a boundary. An analysis of those cases recognizing equitable defenses and counterclaims suggests that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure by the mortgagor. See, e.g., Olean v. Treglia,190 Conn. 756, 767, 463 A.2d 242 (1983) (due on sale clauses are presumptively permissible unless enforcement would be unconscionable or inequitable); Petterson v. Weinstock, 106 Conn. 436,442, 138 A.2d 433 (1927) (allowing defense of mistake as to terms of note). Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage. See, Citytrust v. Kings Gate Developers, 2 Conn. L. Rptr. 638 (October 19, 1990, Lewis, J.) (disallowing special defenses and counterclaims based on tortious interference with contract because they did not bear on the making, validity or enforcement of the note or mortgage); Bedford Plaza, Ltd. v. Nakhai, supra, 468 (disallowing counterclaims where they are not so connected with the original controversy that their consideration is necessary to fully determine the rights of the parties); Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 327 (Super.Ct. 1944) (disallowing a special legal defense of abuse of process).
In this case, the second special defense and the counterclaims are based on allegations that SBT released funds from a related checking account two years before SBT brought the foreclosure action. The second special defense and counterclaims do not attack either the note or mortgage. These claims could be made as well or better in a separate legal action. The court grants SBT's motion to strike the second special defense and the counterclaims.
The first special defense, that SBT failed to provide adequate notice, is a defense based on the note, and therefore allowable in a foreclosure action. The plaintiff's failure to plead that it has given notice as required by a note is a ground CT Page 2736 for a court to deny a foreclosure proceeding. See Fortune Savings Bank v. Thibodeau, Superior Court, Judicial District of New Haven at New Haven, Docket No. 330358 (November 10, 1992). However, the purpose of a special defense is to defeat a plaintiff's entire right to bring a cause of action despite the plaintiff's pleadings. Practice Book 164. The issue in this case is not whether SBT lacks the right to bring the foreclosure. Rather, it is that the issue is whether SBT has plead that it provided the required notice to the mortgagors. A special defense is an improper vehicle by which to challenge the sufficiency of the pleadings. Therefore, SBT's motion to strike the first special defense is granted.
The court grants SBT's motion to strike the setoff claim, the counterclaims, and both special defenses.
Donald W. Celotto, Judge