[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On August 5, 1993, the plaintiff, Ct Galaxy Properties, Inc., instituted this foreclosure action against the defendants, Norman and Mary Baillargeon. The plaintiff alleges that by note dated October 11, 1990, the defendants promised to pay to Banc New England Mortgage Company the amount of $146,700.00, and that the defendants secured this note by mortgaging a parcel of land in Torrington, known as 18 Deercrest Drive. The plaintiff alleges further that it is the current owner of the subject mortgage and note by virtue of an assignment from Fleet Bank which was the successor in interest to Banc New England Mortgage Company. The plaintiff alleges that the defendants are in default under the terms of the note and seeks a foreclosure of the mortgage.
On February 17, 1994, the defendants filed an answer and four special defenses. The special defenses are: (1) the plaintiff failed to comply with conditions of the mortgage deed which require written notice prior to acceleration of the mortgage; (2) the plaintiff breached its common law duty of good faith and fair dealing in that it neglected to renegotiate and/or restructure the mortgage; (3) laches as the plaintiff unreasonable delayed in bringing the foreclosure action; and (4) the plaintiff, violated the Federal Fair Debt Collection Practices Act.
The plaintiff filed a reply to the defendants' special defenses and has now moved for summary judgment on the ground that it is entitled to judgment as a matter of law. In support of its motion, the plaintiff has submitted two memoranda of law, a copy of the mortgage note and deed, and the affidavit of Frank Castagna, the plaintiff's banking officer. In opposition to the motion, the CT Page 7260 defendants have filed a memorandum of law, yet have failed to submit any affidavits or other evidentiary documents.
Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-81, 595 A.2d 334 (1991). A motion for summary judgment shall be supported by any such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admission and the like.Orenstein v. Old Buckingham Corporation, 205 Conn. 572, 574,534 A.2d 1172 (1987). When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by Practice Book § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant, Kakadelis v.Defabritis, 191 Conn. 276, 280-81, 464 A.2d 57 (1983).
The defendants' first special defense that the plaintiff failed to comply with the notice requirements of the mortgage deed is a defense based on the note, and therefore allowable in a foreclosure action. see [See] Shoreline Bank Trust v. Leninski,8 CSCR 570 (March 19, 1993, Celotto, J.). Paragraph nineteen (19) of the mortgage deed sets forth the requirements for the default and acceleration notice. The notice, inter alia, shall specify (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to borrower, by which the default must be cured; and (d) that failure to cure may result in acceleration.
In its memorandum of law, dated March 1, 1994, the plaintiff states that it has complied with the mortgage requirements for notice of default and acceleration. The plaintiff directs the court to "Exhibit C" which is purportedly a copy of a March 25, 1993 "default and acceleration notice" sent to the defendants. However, upon thorough examination of the plaintiff's attachments and the file in its entirety, the court was unable to locate the subject letter. Accordingly, a genuine issue of material fact exists as to the plaintiff's compliance with the notice requirements of the mortgage deed.
In its supplemental memorandum of law, dated June 13, 1994, CT Page 7261 the plaintiff argues that summary judgment should be granted because the defendants' objection does not contain any affidavits opposing the facts set forth by the plaintiff. However, the failure to file opposing affidavits is not necessarily fatal. Batick v.Seymour, 186 Conn. 632, 646-47, 443 A.2d 471 (1982); see alsoMcDaniel v. Perrotta, 7 CSCR 331 (February 11, 1992, Schaller, J.). If affidavits filed by the moving party do not attempt to contest the truth of all the material allegations of fact contained in the pleadings, the nonmoving party is under no obligation to establish by counter-affidavit the truth of the unattacked allegations.Plouffe v. New York, N.H. and H.R. Co., 160 Conn. 482, 488-89,280 A.2d 359 (1971).
In their first special defense, the defendants have pled that the plaintiff has failed to comply with the notice requirements of the mortgage deed. The affidavit submitted by the plaintiff's bank manager does not address the sufficiency of the plaintiff's notice to the defendants. Accordingly, without "Exhibit C", the plaintiff has not contested the truth of the allegations of fact contained in the defendants' first special defense.
The motion for summary judgment is denied without prejudice.
PICKETT, J.