[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 181
This is a foreclosure action. On December 6, 1994, the defendant, C.A.M.R., Inc. (C.A.M.R.), filed a revised answer, CT Page 14453 special defenses and a counterclaim against the plaintiff, Gateway Bank (Gateway). On December 20, 1994, Gateway filed a motion to strike the special defenses and the counterclaim interposed by C.A.M.R. on the ground that they are legally insufficient since they do not attack the making, validity or enforcement of the note or mortgage.
The special defenses and counterclaims filed by C.A.M.R. all relate to transactions allegedly entered into between Gateway and C.A.M.R. subsequent to the execution of the note and mortgage. The special defenses and counterclaims pleaded include, inter alia, fraudulent misrepresentation, unclean hands, estoppel, violation of the covenant of good faith and fair dealing and a violation of CUTPA, General Statutes § 42-110b.
On February 1, 1995, C.A.M.R. filed a memorandum in opposition to the motion to strike, asserting that the special defenses and counterclaims are all appropriately pleaded since a foreclosure action is equitable in nature and some flexibility in the interposition of defenses and counterclaims should be allowed by the court.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any . . . [pleading] to state a claim upon which relief can be granted.'" NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In . . . ruling on . . . [a] motion to strike, [the court has an] . . . obligation to take the facts to be those alleged in the special defenses and [counterclaims and] to construe the defenses [and counterclaims] in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992).
"Practice Book § 164 provides: `No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged.'" GatewayBank v. Stuart A. Herman, Superior Court, Judicial District of Danbury, Docket No. 31 59 47, p. 7 (May 15, 1995) (Stodolink, J.).
"`Connecticut has recognized the following defenses to an action for foreclosure: payment, discharge, release or satisfaction, accident, mistake or fraud, unconscionability, CT Page 14454 abandonment of security and usury.'" (Citations omitted.) Id. "An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties."Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172,175, 491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S.Ct. 250,88 L.Ed.2d 258 (1985).
The questions entertained, however, must relate to the "making, validity [or] . . . enforcement of the note [and mortgage] which is the subject of the complaint." First Federal Bank v. Zavatsky,9 CSCR 420, 421 (September 24, 1993) (Moraghan, J.). "The rationale behind this limitation is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) Willow Springs Condo Assoc.v. Pereira, Superior Court, Judicial District of Litchfield, Docket No. 06 70 67 (February 9, 1995) (Pickett, J.). Further, based on the same rationale, the defenses and counterclaims cannot attack "some act or procedure of the lienholder" DimeSavings Bank v. Albir, Superior Court, Judicial District of Stamford/Norwalk, Docket No. 13 25 82 (February 7, 1995) (D'Andrea, J.), citing Lawall Realty, Ltd. v. Auwood, Superior Court, Judicial District of New London, Docket No. 52 70 50 (March 1, 1994) (Leuba, J.); National Mortgage Company v. McMahon,9 CSCR 300 (February 18, 1994, Celotto, J.) (same). "`Courts have not been receptive to foreclosure defenses and counterclaims based on factors outside of the note or mortgage.'" Union TrustCompany v. Hamilton Branford Limited Partnership, 8 CSCR 973, 974
(August 26, 1993) (Celotto, J.), quoting Shoreline Bank Trust v.Leninski, 8 Conn. Rptr. 522, 8 CSCR 570, 571 (March 19, 1993) (Celotto, J.).
All of the allegations raised by C.A.M.R. relate to acts or procedures of the lienholder that occurred subsequent to the execution of the note and mortgage. Therefore, the activities recited comprising the special defenses "fail to assert any connection with the subject of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) Willow Springs CondoAssoc. v. Pereira, supra; see also Citizens Mortgage Co. v.Perez, Superior Court, Judicial District of Danbury, Docket No. 31 92 20 (November 2, 1995) (Stodolink, J.) (granting bank's CT Page 14455 motion to strike special defenses and counterclaims where they attacked actions of the lender allegedly perpetrated subsequent to the execution of note and mortgage).
Accordingly, Gateway Bank's motion to strike C.A.M.R.'s special defenses is granted in its entirety since the special defenses do not establish that Gateway has no cause of action.
Furthermore, since the special defenses are legally insufficient, the counterclaim, "predicated upon the allegations of the [special defenses] . . . must, of necessity, be held to be fatally flawed." Clearheart Construction Co. v. Charles DanielsService, Superior Court, Judicial District of Danbury, Docket No. 31 41 77, 12 Conn. L. Rptr. 75 (July 14, 1994) (Moraghan, J.). In addition, since the unsavory acts forming the basis of the counterclaims asserted by C.A.M.R. against Gateway arise out of dealings that allegedly occurred subsequent to the execution of the note and mortgage, they are "an improper matter for adjudication in this litigation." Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 328,329 (Super.Ct. 1944); see also Dime Savings Bank v. Albir,
supra (counterclaims cannot attack "some act or procedure of the lienholder"); Shoreline Bank Trust v. Leninski, supra,8 Conn. L. Rptr. 522, 8 CSCR 571 ("[a]n analysis of those cases recognizing equitable defenses and counterclaims suggests that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure by the mortgag[ee]"). Accordingly, all of the counterclaims asserted by C.A.M.R. are stricken.
To summarize, the court grants Gateway's motion to strike C.A.M.R.'s special defenses and counterclaims in their entirety.
Stodolink, J.