[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 3567
The plaintiff, the Shanas Group, is the owner of an equity line of credit note entered into by Carol Taylor and Theodore Taylor on February 25, 1987. The plaintiff filed a one-count complaint in this foreclosure action on November 6, 1995. Theodore Taylor ("the defendant") filed a motion to dismiss on December 26, 1995, which was denied on April 29, 1996. The defendant filed an answer, special defenses, and counterclaims on August 23, 1996. The plaintiff filed a motion to strike the special defenses and counterclaims on January 2, 1997.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grantv. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992). When ruling on a motion to strike a special defense, the trial court has an "obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the matter most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992). The motion to strike is the proper vehicle to challenge a counterclaim as well as a special defense. Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978).
The defendant has alleged four special defenses: (1) General Statutes § 35-1 bars the plaintiff from transacting business; (2) General Statutes § 33-396 bars the plaintiff from transacting business; (3) General Statutes § 33-412 bars the plaintiff from court because it is a foreign corporation that failed to obtain a certificate of authority; and (4) the complaint does not conform to the requirements of the underlying obligation.
The plaintiff moves to strike the special defenses on the grounds that they are not defenses to foreclosure. The plaintiff also argues that the special defenses are legally insufficient in that they do not "assert facts which, although consistent with the allegations of the Complaint, show nevertheless that the Plaintiff has no cause of action." (Plaintiff's Memorandum in Support, p. 3.)
Connecticut has recognized the following defenses to an action for foreclosure: usury, unconscionability of interest rate, duress or coercion, material alteration, payment, CT Page 3568 discharge, fraud in the factum, and lack of consideration. FleetBank v. Barlas, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 518205 (June 29, 1994, Aurigemma, J.; 12 Conn. L. Rptr. 32, 33). "In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses." Provident Financial Service v. Berkman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.). See also Shawmut Bank v. Wolfley, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 130109 (January 24, 1994, Dean, J.; 9 CSCR 216, 217).
"This court, however, has previously held that equitable defenses are proper only when they attack the making, validity, or enforcement of the note or mortgage, rather than some act or procedure of the mortgagee." National Mortgage Co. v. McMahon, Superior Court, judicial district of New Haven, Docket No. 349246 (February 18, 1994, Celotto, J.; 9 CSCR 300). See also DimeSavings Bank v. Furey, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 047557 (April 1, 1996, Curran, J.); Citicorp Mortgage, Inc. v. Ribera, Superior Court, judicial district of Litchfield, Docket No. 067722 (September 21, 1995, Pickett, J.).
"An analysis of those cases recognizing equitable defenses and counterclaims suggests that they are proper only when they, like their common law counterparts, attack the note itself. . . ." Shoreline Bank Trust Co. v. Leninski, Superior Court, judicial district of New Haven, Docket No. 335561 (March 13, 1993, Celotto, J.; 8 Conn. L. Rptr. 522, 524). See alsoSource One v. Dziurzynski, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.; 17 Conn. L. Rptr. 29, 30);90 Main Street Condo. Assn. v. Firos, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320789 (July 27, 1995, Tobin, J.). "The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." NationalMortgage Co. v. McMahon, supra. CT Page 3569
Special defenses one, two and three relate to the plaintiff's failure to obtain certificates, allegedly barring it from bringing the foreclosure action. Assuming arguendo that the plaintiff's foreclosure action falls under the rubric of "transacting business" and that the plaintiff is a foreign corporation such that certification is required before bringing suit, these allegations are not proper defenses to a foreclosure action. These special defenses are not defenses traditionally allowed in foreclosure actions. Furthermore, they are not equitable defenses to the foreclosure action because they do not address the making, validity or enforcement of the note. By contrast, special defenses one through three relate to "some behavior or business practice of the mortgagee," which is not a defense to a foreclosure action. Derby Savings Bank v.Benedetti, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 050760 (April 23, 1996, Curran, J.).
Special defense four alleges that the plaintiff's complaint does not meet the requirements of the underlying obligation and arguably falls under the category of an equitable defense going to enforcement of the note. However, the defendant has failed to allege sufficient facts to put forth a valid special defense.
The defendant's fourth special defense states "4. The Complaint does not conform to the requirements of the underlying obligation." (Defendant's Answer, Special Defense, Counterclaim # 122, p. 4.) "[T]he purpose of a special defense is to defeat a plaintiff's entire right to bring a cause of action despite the plaintiff's pleadings." Shoreline Bank Trust Co. v. Leninski, supra. The defendant has not pleaded facts which show that the plaintiff has no cause of action. Rather, he has stated a legal conclusion which is not admitted for the purposes of a motion to strike. Maloney v. Conroy, 208 Conn. 392, 394, 545 A.2d 1059
(1988). Thus, the motion to strike the special defenses is granted.
The defendant has alleged two counterclaims. First, that the plaintiff "commenced an action for foreclosure and knew that the obligation was not due under the provisions of the Equity Line of Credit Note and Loan Agreement." (Defendant's Answer, p. 3-4.) Second, that the plaintiff has violated General Statutes § 42-110a, et seq, i.e. the Connecticut Unfair Trade Practices Act ("CUTPA"). CT Page 3570
The plaintiff argues that, like the special defenses, the counterclaims are improper because they do not address the making, validity or enforcement of the note. The plaintiff also argues that the first counterclaim must be struck because the defendant's motion to dismiss based on the same assertions was denied. The counterclaims are addressed to acts of the plaintiff, rather than the note, and thus are insufficient.
It is unclear what cause of action the defendant is attempting to assert in the firs counterclaim. The basis of the claim, however, appears to be the plaintiff's actions in bringing the foreclosure suit. "Courts have not been receptive to foreclosure defenses and counterclaims based on factors outside of the note or mortgage." (Internal quotation marks omitted.)Gateway Bank v. Desoto, Superior Court, judicial district of Danbury, Docket No. 311417 (December 22, 1995, Stodolink, J.;15 Conn. L. Rptr. 486, 487). Counterclaims "cannot attack some act or procedure of the lienholder." (Internal quotation marks omitted.) Id. Counterclaim one, based on the plaintiff's actions in bringing suit, is not a valid counterclaim to a foreclosure action.[1]
Counterclaim two asserts a cause of action under CUTPA. For the same reasons discussed above, counterclaim two is not sufficient. See also Centerbank v. Motor Inn Assn., Superior Court, judicial district of New Haven, Docket No. 335869 (August 2, 1993, Thompson, J.; 9 Conn. L. Rptr. 505, 506) (CUTPA counterclaim does not address making, validity or enforcement of the note and mortgage). But see Union Trust Co. v. Whittier, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 316076 (July 31, 1995, Tobin, J.) (denying motion to strike CUTPA counterclaim based in part on excessive finance charge). Furthermore, even if counterclaim two were addressed to the note, the defendant has failed to allege sufficient facts under CUTPA.[2] Therefore the motion to strike the defendant's counterclaims is granted.
Donald W. Celotto Judge Trial Referee