[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
September 4, 1996, the plaintiff, First Federal Savings and Loan Association of Rochester (First Federal), instituted this foreclosure action against the defendants, Janet and Mark Kijanko. In its amended complaint, dated October 17, 1996, First Federal alleges that by note dated June 27, 1988, the Kijankos promised to pay to Home Funding, Inc. (Home Funding) the amount of $60,000, and that the Kijankos secured this note by mortgaging to Home Funding a parcel of land in Waterbury, Connecticut, known as 105 Industry Lane, Unit No. 3. On June 27, 1988, Home Funding assigned the note and mortgage to First Federal. It now alleges that the Kijankos are in default under the terms of the note and seeks, inter alia, a foreclosure of the mortgage.
On May 20, 1997, the defendant Mark Kijanko filed an amended answer and three special defenses. His first special defense alleges that First Federal is barred from obtaining the requested relief as to him because the parties entered into an oral agreement whereby Mark Kijanko agreed to quitclaim the subject premises to his wife, if First Federal would agree to remove him from the note and not look to him for payment in the event the note was not paid. The second special defense, based also on the oral agreement specified in the first special defense, alleges that the plaintiff is barred from seeking relief from the defendant based upon the doctrine of promissory estoppel. The third special defense alleges that First Federal cannot seek relief from the defendant because in a divorce judgment and stipulation dated May 17, 1991, the codefendant, Janet Kijanko, agreed to hold the defendant harmless from the subject mortgage note and deed.[1]
CT Page 542
On September 22, 1997, First Federal filed a motion to strike the three special defenses and claims that they are legally insufficient because they are defenses not recognized at common law and also fail to attack the making, validity or enforcement of the note and mortgage.[2] The plaintiff also moves to strike the first and second special defenses on the grounds that such defenses are invalid because: they are barred by the statute of frauds; there is no consideration for the alleged modification; and no consideration is even alleged. The defendant has filed a memorandum of law in opposition to First Federal's motion to strike, and First Federal subsequently filed a memorandum in reply to the defendant's opposition.
 II
This motion to strike the first special defense is granted since it fails to allege any legal consideration for the modification of the written mortgage agreement. State National Bankv. Dick, 164 Conn. 523, 529 (1973); Thermoglaze, Inc. v.Morningside Gardens Co., 23 Conn. App. 741, 745, cert. denied,217 Conn. 811 (1991). The defendant suggests that the bank continued to receive payments as consideration supporting the modification, but a promise to do that which one is already bound to do does not constitute valid consideration for a new agreement. SeeThermoglaze, Inc. v. Morningside Gardens Co., supra.
Concerning the defendant's third special defense, while it may allege a claim for indemnification from the co-defendant, it fails to state any basis for precluding the plaintiff's claims against the defendant and fails also to attack the making, validity or enforcement of the note and mortgage. "Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage."Shoreline Bank Trust Co. v. Leninski, Superior Court, judicial district of New Haven, Docket No. 335561 (March 19, 1993, Celotto, J.)(8 CSCR 570). Thus, courts have held that negotiations following default do not go to the making, validity or enforcement of the note. See Citibank v. McCue, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 137933 (March 28, 1995, Lewis, J.); Provident Financial Service v. Berkman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.); Bank of Boston v.Calabrese, Superior Court, judicial district of Waterbury, Docket No. 118377 (July 11, 1994, Sylvester, J.). Therefore, the motion CT Page 543 to strike this third special defense is granted.
In his second special defense, Mark Kijanko claims that, based upon his oral agreement with First Federal and the co-defendant, his now former wife, the bank is estopped from bringing any mortgage enforcement action against him. There is a paucity of authority in Connecticut case law addressing promissory estoppel as a defense to a foreclosure action. See Union Trust Co. v. 714 MainAssociates, Superior Court, judicial district of New Haven, Docket No. 312088 (January 6, 1993, Healy, S.T.R.); FGB Realty Advisors,Inc. v. Seven Winds, Superior Court, judicial district of Litchfield, Docket No. 066260 (December 22, 1995, Pickett, J.). Based on this limited authority and recognizing that a foreclosure action sounds in equity, this court is of the opinion that the equitable defense of promissory estoppel as pleaded here is legally sufficient to stand an evidentiary test. D'Ulisse-Cupo v. Board ofDirectors of Notre Dame High School, 202 Conn. 206, 213 (1987);Union Trust Co. v. 714 Main Associates, supra.
Finally, First Federal's claim that the second special defense is also barred by the Statute of Frauds must await an evidentiary test in the wake of the defendant's claim of partial performance. See Ali, Inc. v. Veronneau, Superior Court, judicial district of Waterbury, Docket No. 126431 (October 11, 1996, Kulawiz, J.) (17 Conn. L. Rptr. 677). Therefore, the motion to strike the first and third special defenses is granted. The motion is denied as to the second special defense.
An order may enter accordingly.
William Patrick Murray a judge of the Superior Court
January 6, 1998