[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE (#123) DEFENDANTS' REVISED SPECIAL DEFENSES AND REVISED COUNTERCLAIM FACTS
On January 15, 1997, the plaintiff, GE Capital Mortgage Services, Inc., initiated this foreclosure action against the defendants, John McCormick, Sr. and John McCormick, Jr. On July 30, 1997, the defendants filed a revised answer, three revised special defenses and a revised counterclaim in two counts. The defendants' revised special defenses allege that: (1) "The plaintiff utilized improper collection efforts in regard to its alleged claim," (2) the plaintiff's improper collection efforts violated "the Connecticut Unfair Trade Practices Act" (CUTPA) and (3) the plaintiff, as a result of its improper collection actions, has "unclean hands." Def. Rev. Answer pp. 1-2. The defendants revised special defenses are all predicated upon the plaintiff's alleged improper collection practices.
Defendants also filed a revised counterclaim in two counts. The first count alleges that the plaintiff engaged in unfair debt collection practices by "harassing the defendants in regard to its claim." Def. Rev. Answer p. 2. The second count alleges that the plaintiff's unfair debt collection practices constituted a violation of CUTPA, General Statutes § 42-ll0a. Def. Rev. Answer pp. 2-3. As with the defendants' revised special defenses, the revised counterclaim is also predicated upon the plaintiff's alleged improper debt collection practices.
By motion dated March 6, 1998, the plaintiff filed the motion to strike the defendants' revised special defenses and revised counterclaims presently before the court.
 I. Revised Special Defenses
The plaintiff argues in its memorandum of law in support of its motion to strike that the court should grant the motion because the defendants' revised special defenses fail "to state a valid defense to a foreclosure action in that the [defenses fail] to attack the making, validity or enforcement of the [note and CT Page 9910 mortgage]." Pl. Mem. Supp. p. 2. Alternatively, the plaintiff argues that the revised special defenses and revised counterclaim should be stricken because the defendants have failed to allege sufficient facts in support of their claims. Pl. Mem. Supp. pp. 2-4.
The defendants argue that their revised special defenses are legally recognized special defenses to a foreclosure action, and that the revised special defenses in this action are viable. Specifically, the defendants argue that "all three special defenses are based on [the] intentional and unlawful conduct by the plaintiff in regard to its efforts to enforce the note and mortgage which are the subject of this action." Def. Mem. Opp. p. 4. Moreover, the defendants argue that they have plead sufficient facts in support of the revised special defenses and revised counterclaim. Def. Mem. Opp. p. 4-5.
"The purpose of a motion to strike is to contest. the legal sufficiency of the allegations of any [pleading] to state a claim upon which relief may be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). In ruling on a motion to strike, the trial court must "construe the [special] defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606, A.2d 684 (1992). If the facts provable under the allegations would support a defense or cause of action, then the motion to strike must fail. Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "A motion to strike. . . may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985). Finally, "a plaintiff can [move to strike] a special defense. . . ." Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978).
"Connecticut has recognized the following defenses to an action for foreclosure: usury, unconscionability of interest rate, duress or coercion, material alteration, payment, discharge, fraud in the factum, and lack of consideration."Shanas Group v. Taylor, Superior Court, judicial district of New Haven at New Haven, Docket No. 380296 (March 3, 1997, Celotto, J.T.R.). Additionally, "[i]n recognition that a foreclosure is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu CT Page 9911 of fore- closure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses." ProvidentFinancial Services v. Berkman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 130109 (January 24, 1995, Dean, J.) (9 C.S.C.R. 216); City of Middletown v. 180Johnson Road, Superior Court, judicial district of Middlesex at Middletown, Docket No. 082578 (January 6, 1998, Fineberg, J.).
These additional special defenses, however, are only "valid . . . where they are legally sufficient and address the making, validity or enforcement of the mortgage and/or note."Berkley Federal Bank Trust v. Rotko, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (January 26, 1996, West, J.) (special defenses of CUTPA and unclean hands stricken as not relating to the making, validity or enforcement of note and mortgage); Knutson Mortgage Corp. v. Williams, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334486 (September 26, 1997, West, J.) (special defenses and counterclaims stricken because allegations that plaintiff violated Connecticut Creditor's Collection Prctices Act did not relate to making, validity and enforcement of note and mortgage); Rinere v. M. Kalfus Building Design, Superior Court, judicial district of New Haven at New Haven, Docket No. 388822 (January 30, 1997, Celotto, J.T.R.) (special defense of unclean hands based upon collection practices of mortgagee after execution of note and mortgage legally insufficient).
Consequently, "[c]ourts have not been receptive to fore-closure defenses and counterclaims based on factors outside of the note or mortgage." (Internal quotation marks omitted.) Gateway Bank v.Desoto, Superior Court, judicial district of Danbury, Docket No. 311417 (December 22, 1995, Stodolink, J.) (15 Conn. L. Rptr. 486);Provident Financial Services v. Berkman, supra, Superior Court, Docket No. 130109 (alleged improper conduct following default did not address making, validity or enforcement of note, and therefore defenses were legally insufficient); Rinere v. M.Kalfus Building Design, supra, Superior Court, Docket No. 388822 (allegations concerning conduct after the execution of a note did not give rise to special defense of unclean hands); Bankof Hartford v. Kennedy, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 520868 (July 12, 1993, Aurigemma, J.) (alleged publication of debt in violation of Federal Fair Debt Collection Practices Act after execution of note, held not to arise out of same transaction and counterclaim stricken). CT Page 9912
"The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action."City of Middletown v. 180 Johnson Road, supra, Superior Court, Docket No. 082578, citing Lawall Realty Ltd. v. Auwood, Superior Court, judicial district of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.); see also Practice Book § 116, now Practice Book (1998 Rev.) § 10-10.
The allegations underlying the defendants, revised special defenses only address the plaintiff's conduct following the execution of the note and mortgage. Specifically, the defendants allege that the plaintiff repeatedly harassed the defendants in its attempt to collect the debt on the note. This alleged improper conduct, however, does not implicate the actual making, validity or enforcement of the note and mortgage; it only relates to events occurring after the execution of the note and mortgage.
Moreover, the defendants' revised special defenses make no other factual allegations concerning the plaintiff's conduct with respect to the note or mortgage. Therefore, in light of the foregoing cases, and since the plaintiff's conduct in attempting to collect the debt on the note occurred after the execution of the note and mortgage, the defendants' revised special defenses are legally insufficient. Accordingly, the plaintiff's motion to strike the defendants' revised special defenses is granted.
 II. Revised Counterclaim
The first count of the defendants' revised counterclaim alleges that the plaintiff "engaged in unfair debt collection practices by harassing the defendants in regard to its claim." Def. Rev. Answer p. 2. The second count of the revised counterclaim alleges that the plaintiff's harassment constituted a violation of CUTPA. Def. Rev. Answer p. 2-3.
For the same reasons discussed above, the plaintiff's motion to strike the defendants' revised counterclaim is granted. The allegations contained in the defendants' revised counterclaim do not attack the making, validity or enforcement of the note or mortgage. The defendants' allegations only address the conduct of CT Page 9913 the plaintiff after the note and mortgage had been executed. Therefore, the revised counterclaim is insufficient as a matter of law. See Knutson Mortgage Corp. v. Williams, supra, Superior Court, Docket No. 334486 (counterclaims stricken because allegations that plaintiff violated Connecticut Creditor's Collection Practices Act did not relate to making, validity and enforcement of note and mortgage); Centerbank v. Motor InnAssn., Superior Court, judicial district of New Haven at New Haven, Docket No. 335869 (August 2, 1993, Thompson, J.) (9 Conn. L. Rptr. 505) (CUTPA counterclaim does not address making, validity or enforcement of the note and mortgage); GreatWestern Bank v. McNulty, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 139799 (March 16, 1995, D'Andrea, J) (counterclaims that are based upon actions of the plaintiff in attempting to collect a debt do not arise out of subject matter of foreclosure action).
Accordingly, the plaintiff's motion to strike both the defendants' revised special defenses and revised counterclaim is granted.
SANDRA VILARDI LEHENY JUDGE, SUPERIOR COURT