[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SPECIAL DEFENSE (# 108)
The defendants, Joseph L. Dunn and Jacqueline M. Dunn, owed the plaintiff, Ameriquest Mortgage Co., the sum of $71,200.00 as evidenced by a note for said sum. To secure the note, the defendants mortgaged to the plaintiff a piece of land located at 159 Shaw Street in New London, CT. The payments are in default and the debt is now due.
On December 2, 1998, the plaintiff commenced a foreclosure action against the aforementioned property. The defendants filed an answer and special defense on January 19, 1999. In their first special defense, the defendants claim that the plaintiff "breached its obligation under the terms of the note and mortgage in that it failed to permit a reinstatement of the mortgage as set forth in the operative loan documents." CT Page 6876
On February 23, 1999, the plaintiff moved to strike the first special defense on the grounds that it is not a valid defense to a foreclosure action. The plaintiff also filed a memorandum of law in support.
On March 16, 1999, the defendants filed an objection to the plaintiff's motion to strike the defendants' first special defense along with a supporting memorandum of law.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. . . ." Peter-Michael. Inc. v.Sea Shell Associates, 244 Conn. 269, 270-71, 709 A.2d 558 (1998). "[A] plaintiff can [move to strike] a special defense. . . ."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see alsoConnecticut National Bank v. Voog, 233 Conn. 352, 354-55,659 A.2d 172 (1995). "In ruling . . . on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992).
The plaintiff argues that the special defense does not address the making, validity, or enforcement of the mortgage, but rather, addresses the conduct of the parties after execution of the note and after default thereupon.
In opposition, the defendants argue that the special defense addresses the enforcement of the note in that the plaintiff has breached its obligations by failing to permit a reinstatement of the mortgage as provided in the loan documents.[1]
"[E]quitable defenses [to a foreclosure action] are proper only when they attack the making, validity, or enforcement of the note or mortgage, rather than some act or procedure of the mortgagee." (Internal quotation marks omitted.) Shanas Group v.Taylor, Superior Court, judicial district of New Haven at New Haven, Docket No. 380296 (March 3, 1997, Celotto, J.). "An analysis of those cases recognizing equitable defenses and counterclaims suggests that they are proper only when they, like their commonlaw counterparts, attack the note itself. . . ."Shoreline Bank Trust Co. v. Leninski, Superior Court, judicial district of New Haven, Docket No. 335561 (March 13, 1993,Celotto, J.) (8 Conn. L. Rptr. 522, 524). "Courts have not been CT Page 6877 receptive to foreclosure defenses and counterclaims based on factors outside of the note or mortgage." (Internal quotation marks omitted.) Gateway Bank v. Desoto, Superior Court, judicial district of Danbury, Docket No. 311417 (December 22, 1995,Stodolink, J.) (15 Conn. L. Rptr. 486, 487). Ordinarily, "[i]n the absence of a restructure agreement in the loan documents, a failure by the plaintiff to attempt to negotiate or restructure the terms of the loan after default, and then seeking foreclosure, does not implicate the making, validity or enforcement of the note or mortgage." Dime Savings Bank of N.Y., FSB v. Furey, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047557 (April 1, 1996, Curran, J.).
Here, the defendants' special defense attacks the enforcement of the subject note. Specifically, the defendants claim that a reinstatement clause contained within the original loan documents precludes the plaintiff from enforcing the mortgage instrument. The reinstatement clause at issue provides that the "[defendants] shall have the right to have enforcement of [the] Security Instrument discontinued" if certain conditions are met by them. The use of the word "shall" indicates that if the stated conditions are met, reinstatement of the loan by the plaintiff would not be discretionary (e.g. not subject to the "business judgment" of the plaintiff), but rather, would be a contractual right afforded to the defendants.
Consequently, the original note contains language which may alter the plaintiff's right to foreclose against the defendants and, therefore, the first special defense goes directly to the enforceability of the subject note.
Accordingly, the motion to strike is denied.
Martin, J.